(No. 44097.—)

THE PEOPLE *ex rel.* EDWARD V. HANRAHAN, State's Attorney, Appellee, v. ONE 1965 OLDS-MOBILE *et al.*—(Woodie Robinson, Appellant.)

*Opinion filed March 30, 1972.*

38

SCHAEFER, J., UNDERWOOD, C.J., and WARD, J., dissenting.

MARTHE C. PURMAL and ALAN DOCKTER-MAN, both of Chicago, for appellant.

EDWARD V. HANRAHAN, State's Attorney, of Chicago (VINCENT BENTIVENGA, JR., STEPHEN RICHEK and PAUL P. BIEBEL, JR., of counsel), for appellee.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court:

This appeal is taken from a judgment of the circuit court of Cook County ordering the forfeiture and sale of appellant's automobile pursuant to the Illinois vehicle forfeiture statute. (Ill.Rev.Stat. 1969, ch. 38, par. 36—1 *et seq.*) Appellant, Woodie Robinson, now attacks the constitutionality of this statute.

A complaint was filed on July 30, 1970, stating that a 1965 Oldsmobile, serial No. 2366575X125066, was used

by appellant in an armed robbery (Ill.Rev.Stat. 1969, ch. 38, par. 18—2) and requesting that such vehicle be declared forfeited and sold at public auction. The complaint further stated that notice of the impending forfeiture proceeding was sent to appellant at 6819 S. Green Street, Chicago at which address appellant was noted as the registrant of the vehicle in the records of the office of the Secretary of State.

A default hearing on the forfeiture question was held on August 19, 1970. Officer E. Butz testified that two men had "stuck up" a food store on West 69th Street on June 16, 1970; that the manager of the store, Mr. Pipik, scuffled with one of the robbers whom he later identified as appellant; that the appellant got into a car with the other man and drove off. He further testified that the manager, pursuing in his own vehicle, stopped a police officer and, after explaining what had transpired, both followed the fleeing automobile to 6707 South Peoria where it was abandoned. About ten minutes later appellant and another man approached the vehicle and appellant was identified as one of the holdup men and arrested.

Sergeant Roy Peters testified that he checked with the office of the Secretary of State in Springfield, and ascertained that the automobile in question was registered in the name of appellant whose address was 6819 S. Green St., Chicago. Peters then sent a certified letter to appellant at that address. At the conclusion of this hearing, the trial court found that the vehicle described in the complaint was used in the commission of an armed robbery while in appellant's control and possession; that the vehicle was lawfully seized by the Chicago police; and "[t]hat each and all of the persons entitled to notice of the seizure and forfeiture were properly notified according to the statute made and provided." The court then ordered that appellant's vehicle be forfeited and sold at public auction.

On November 24, 1970, a "Motion for Re-Hearing," with appellant's affidavit, was filed requesting that the

order of forfeiture of the automobile be vacated because: (1) appellant did not receive notice of the seizure or forfeiture of the vehicle since he was incarcerated in the Cook County jail from June 16 (the date of his arrest) until October 7, 1970 (the date of his trial for armed robbery); (2) he had not been tried on the armed robbery charge when the forfeiture proceeding was held and, consequently, it had not been shown that the vehicle had been used in the commission of the offense; and (3) appellant had reported the theft of his automobile on June 14, 1970, two days before he was arrested for armed robbery. Thus he asserted that he had been deprived of his property without due process of law.

Section 36—1 of the Criminal Code (Ill.Rev.Stat. 1969, ch. 38, par. 36—1 provides in part: "Any *** vehicle *** used with the knowledge and consent of the owner in the commission of an offense prohibited by (a) Section *** 18—2 *** of this Code *** may be seized and delivered forthwith to the sheriff of the county of seizure. Within 10 days after such delivery, the sheriff shall give notice of seizure to each person according to the following method: Upon each such person whose right, title or interest is of record in the office of the Secretary of State *** by mailing a copy of the notice by certified mail to the address as given upon the records of the Secretary of State ***. Within that 10 day period the sheriff shall also notify the State's Attorney of the county of seizure about the seizure."

Section 36—2(a) (Ill.Rev.Stat. 1969, ch. 38, par. 36—2(a)) further provides: "The State's Attorney *** if he finds that such forfeiture was incurred without willful negligence or without any intention on the part of the owner *** to violate the law, or finds the existence of such mitigating circumstances as to justify remission of the forfeiture, may cause the sheriff to remit the same ***. The State's Attorney shall exercise his discretion *** promptly after notice is given in accordance with Section

36—1. If the State's Attorney does not cause the forfeiture to be remitted he shall forthwith bring an action for forfeiture in the Circuit Court within whose jurisdicition the seizure and confiscation has taken place. The State's Attorney shall give notice of the forfeiture proceeding by mailing a copy of the Complaint in the forfeiture proceeding to the persons, and upon the manner set forth in Section 36—1. *** The State shall show at such hearing by a preponderance of the evidence that such *** vehicle *** was used in the commission of an offense described in Section 36—1."

Appellant now argues that the forfeiture statute is unconstitutionally vague because it fails to define the meaning of "commission of an offense," in that no standards are established for the determination of whether the offender must be convicted prior to confiscation of his property, or the procedures available if the offender is tried and acquitted or not tried at all.

Appellant fails to recognize the traditional application of a forfeiture proceeding. It has been held that such a proceeding is a civil action *in rem* against an item which was used in the commission of an offense. *(People v. Moore (1951), 410 Ill. 241; State v. One 1960 Mercury Station Wagon (1968), 5 Conn.Cir. 1, 240 A.2d 99.)* "In this country, however, forfeiture exists only by virtue of statute; and it is generally recognized that where a statute merely provides for a proceeding *in rem* for the forfeiture of illicit goods or property used in connection therewith or in connection with a statutory violation, and the forfeiture statute does not expressly or impliedly provide for a prior conviction of the individual offender, such a conviction is not a prerequisite to the forfeiture." (3 A.L.R.2d 738, 740; see also *Various Items of Personal Property v. United States (1931), 282 U.S. 577, 580, 75 L.Ed. 558, 560, 51 S.Ct. 282.)* An examination of the Illinois statute does not demonstrate an intent to provide the necessity of a conviction prior to forfeiture.

Moreover, in *People ex rel. Ward v. 1963 Cadillac Coupe (1967), 38 Ill.2d 344,* we held that the failure of the State's Attorney to file a forfeiture action until 3-1/2 months after the seizure was violative of the statutory directive that action be promptly taken to determine if the vehicle be returned or proceedings instituted. To require that the forfeiture proceedings await the outcome of criminal action could result in an unreasonable delay, precluding the State's Attorney from promptly instituting a forfeiture action as required by law.

We need not consider the charge in the present case that the statute is vague because it does not provide guidelines to determine if forfeiture exists in a situation where a defendant is acquitted or not tried at all on the offense charged. In the pleadings filed by appellant herein he alleges only that he did not receive notice of the proceedings and that his car had been previously stolen; but no allegation is made that he was not involved in the armed robbery nor that the car was used without his consent or knowledge in the commission of the offense. Appellant's sworn affidavit indicates only that his trial on the charge of armed robbery was held on October 7, 1970. The record does not supply the factual context necessary for determination of these issues and this court will not render a decision involving abstract propositions merely to establish precedent. *Siefferman v. Johnson (1950), 406 Ill. 392.*

Appellant further argues that the forfeiture statute is constitutionally defective because it does not specify how the vehicle may be initially seized. We reject this contention, for the complaint asserts that the vehicle was taken by the police and delivered to the sheriff and the facts clearly demonstrate that probable cause existed to justify the police seizure of the vehicle. Furthermore, only after a judicial determination may the vehicle be ordered forfeited and sold, thereby safeguarding the rights of the owner.

It is also contended that the statute unconstitutionally

grants lawmaking power to the State's Attorney charged with enforcement of the statute. Appellant bases this contention upon section 36—2 of the statute which grants the State's Attorney the authority to return the seized item prior to a hearing. This discretion must be exercised "promptly" after notice of the seizure is received from the sheriff. If the State's Attorney finds the forfeiture was incurred without willful negligence or intent to violate the law by the owner, or if he "finds the existence of such mitigating circumstances as to justify remission of the forfeiture," he can order the sheriff to return the property. This is accomplished without a judicial review and no standards for the exercise of this discretion are supplied by the legislature. Thus, appellant contends, the State's Attorney's discretion is absolute.

Legislative authority is not invalidly delegated where, as here, discretion is granted as to the execution of the law which is exercised under the law and in conformance with it. *(People ex rel. Barrett v. Logan County Building and Loan Assn. (1938), 369 Ill. 518, 527.)* Moreover, the court has stated that acts of the State's Attorney are, in part, discretionary and not purely ministerial, and it is presumed that the State's Attorney performs his duties in accordance with law. *(People ex rel. Hayne v. Newcomer (1918), 284 Ill. 315, 324.)* From the facts presented we cannot say that the State's Attorney abused his discretion by initiating the forfeiture action in accordance with the directives of the statute.

Appellant also maintains that the statute is not aimed at contraband *per se,* such as gambling devices and narcotics, but rather is invoked as additional punishment for the commission of an offense, resulting in an abuse of the State's police power by depriving him of property which by its nature is not harmful. This court has recognized that property whose intrinsic nature does not make it contraband *per se* may nevertheless be subject to confiscation depending upon its use. *(People v. Moore*

*(1951), 410 Ill. 241, 252;* see also *Goldsmith, Jr.—Grant Co. v. United States (1921), 254 U.S. 505, 65 L.Ed. 376, 41 S.Ct. 189.)* The facts indicate that appellant's vehicle was an integral part of. the crime. "Forfeiture of vehicles \*\*\* is one of the time-honored methods adopted by the Government for the repression of the crime of smuggling." *(General Motors Acceptance Corporation v. United States (1932), 286 U.S. 49, 56, 76 L.Ed. 971, 975, 52 S.Ct. 468.)* We perceive no valid distinction in the confiscation of a vehicle used for smuggling and the seizure of one which is used to facilitate commission of an alleged felony.

Appellant further maintains that the forfeiture statute violates section 11 of article II of the 1870 Illinois constitution which provides that "no conviction shall work \*\*\* [a] forfeiture of estate \*\*\*." We find no constitutional violation, for the forfeiture statute is not dependent upon a prior conviction, and if property is declared subject to seizure and confiscation appellant could not claim a right to ownership or possession. *People v. Moore (1951), 410 Ill. 241, 247.*

It is also argued that appellant was denied due process of law because the State need only prove its position that the vehicle was used in the commission of an offense by a preponderance of the evidence rather than beyond a reasonable doubt. "Overwhelming authority unequivocally holds that the essential facts must be established by a preponderance of the evidence and not beyond a reasonable doubt." *One 1961 Lincoln Continental Sedan v. United States (8th cir. 1966), 360 F.2d 467, 469.)* A forfeiture proceeding is civil in form and as stated by Justice Harlan, "In a civil suit \*\*\*, we view it as no more serious in general for there to be an erroneous verdict in defendant's favor than for there to be an erroneous verdict in the plaintiff's favor. A preponderance of the evidence standard therefore seems peculiarly appropriate \*\*\*." *In re Winship (1970), 397 U.S. 358, 371, 25 L.Ed.2d 368, 379, 90 S.Ct. 1068* (concurring opinion).

Assuming, however, the validity of his contention, the record in the present case meets the more rigid standard of proof. Appellant's only allegation tending to mitigate the forfeiture of his vehicle is that two days prior to the robbery he reported that the vehicle had been stolen. However, it is clear that the store manager, after the holdup, followed appellant's vehicle and discovered it abandoned. Several minutes later, appellant approached, was identified as one of the perpetrators and arrested. These facts negate any inference which may arise from his contention that the vehicle was previously stolen.

Appellant next contends that the forfeiture statute violates due process of law by failing to provide adequate notice requirements. He further argues that the statutory provision requiring that notice by certified mail be sent to the address listed in the records of the Secretary of State is insufficient as applied to him, for he was incarcerated at the time the notice was sent and he never received it. The court has held that other than personal service may be sufficient for *in rem* proceedings. (*Vickerdike v. Allen (1895), 157 Ill. 95, 100.*) Notice which satisfies the requirements of due process must be reasonably calculated under the circumstances to inform parties of proceedings which may directly and adversely affect their legally protected interests (*Mullane v. Central Hanover Bank and Trust Co. (1949), 339 U.S. 306, 94 L.Ed. 865, 70 S.Ct. 652),* and the reasonableness of the form of notice must not be less likely to inform the party than other "feasible and customary substitutes." (339 U.S. at 315, 94 L.Ed. at 874.) In *Schroeder v. New York (1962), 371 U.S. 208, 9 L.Ed.2d 255, 83 S.Ct. 279,* the court recognized that notice by mail, when the address of the landowner was easily ascertainable from tax records, would be sufficient to fulfill due-process standards in proceedings to divert a stream.

By law, the correct address of the vehicle owner is required to be registered in the office of the Secretary of

State. (Ill.Rev.Stat. 1971, ch. 95-1/2, par. 3—405.) Thus, notice sent by mail to that address complies with constitutional standards of due process, for it is reasonably intended to provide the owner an opportunity to answer the allegations of the complaint.

The trial court's forfeiture order states that all persons entitled to notice of the proceedings were notified pursuant to the statutory directives. To require the State to uncover the actual whereabouts of the party in interest in forfeiture proceedings resulting from the commission of a criminal offense would impose an intolerable burden upon the State and in effect necessitate personal service in many instances for an action which traditionally has been classified as *in rem*. Moreover, it is conceivable that many parties in interest in this form of proceeding may be fugitives or may have moved from the address listed with the Secretary of State without notifying the Secretary of their new address as required. Ill.Rev.Stat. 1971, ch. 95-1/2, par. 3—416(a).

Finally, appellant argues that the trial court erred in failing to grant his motion for rehearing and for vacating the prior forfeiture order, for no responsive pleadings were filed by the State denying the substance of his motion and affidavit and his allegations must therefore be taken as true. Appellant maintains that his motion was filed pursuant to section 72 of the Civil Practice Act. (Ill.Rev. Stat. 1969, ch. 110, par. 72.) However, we have held that when a pleading absolutely fails to state grounds for liability, its insufficiency may be challenged at any time. *(Wagner v. Kepler (1951), 411 Ill. 368, 371.)* "This doctrine of waiver is not applicable where the motion is so defective that it will not sustain an order under section 72." *(Schuman v. Department of Revenue (1967), 38 Ill.2d 571, 574.)* Appellant's affidavit stated two facts. First, he was in jail and did not receive notice of the forfeiture proceedings; and secondly, he had reported that his automobile had been stolen two days prior to his

arrest. As heretofore determined neither ground is a basis for reversal. Thus appellant's pleadings were fatally defective and the trial court properly overruled his motion.

For the aforementioned reasons the judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*

MR. JUSTICE SCHAEFER, dissenting:

Mr. Chief Justice Underwood, Mr. Justice Ward and I are of the opinion that it is necessary to consider only one of the numerous issues raised by the appellant. We think that that the trial court lacked jurisdiction to adjudicate the forfeiture of the automobile involved in this case. It is undisputed that Woody Robinson, the owner, was held in the Cook County jail, in the custody of the sheriff of that county, from June 16, 1970, to October 6, 1970. Jurisdiction in the forfeiture proceeding, which was begun and terminated during that period, is predicated upon notice mailed by the sheriff to Robinson at 6819 South Green, Chicago, Illinois 60621, his address as listed in the records of the Secretary of State. But the mailing of notice to that address was a meaningless gesture in this case, because the sheriff was himself making it impossible for Robinson to receive mail so addressed by holding him in jail.

It is not enough to say that the action was *in rem*, and therefore substituted service was permissible. In *Mullane v. Central Hanover Bank and Trust Co. (1949), 339 U.S. 306, 94 L.Ed. 865, 70 S.Ct. 652,* after commenting on the vagueness of the classifications "in rem, or more indefinitely quasi in rem, or more indefinitely still, 'in the nature of a proceeding in rem,' " Mr. Justice Jackson said: "But in any event we think that the requirements of the Fourteenth Amendment to the Federal Constitution do not depend upon a classification for which the standards are so elusive and confused generally and which, being primarily for state courts to define, may and do vary from

state to state. *** An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." 339 U.S. at 312, 314, 94 L.Ed. at 872, 873.

In the present case the sheriff knew that Robinson was not at the address to which the notice was mailed and knew also that he could not get to that address because the sheriff was holding him in jail. It cannot be said, therefore, that there was any notice in this case which was reasonably calculated to apprise Robinson of the pendency of the proceeding, and the judgment of the circuit court should be reversed.

UNDERWOOD, C.J., and WARD, J., join in this dissent.