THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CHARLES GREEN, Defendant-Appellant.
Fourth District   No. 13519

Opinion filed January 27, 1977.

John E. Maloney, of Urbana, for appellant.

James R. Burgess, Jr., State's Attorney, of Urbana (G. Michael Prall and Stephen M. Deitsch, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE REARDON delivered the opinion of the court:

The defendant, Charles Lee Green, appeals from the trial court's order disposing of his .357 magnum revolver pursuant to section 24—6 of the Criminal Code of 1961 (Ill. Rev. Stat. 1973, ch. 38, par. 24—6) after the defendant had been convicted of carrying a concealed weapon and having no firearm owner's identification card in violation of sections 24—1(a)(4) and 83—2 of the Code (Ill. Rev. Stat. 1973, ch. 38, pars. 24—1(a)(4), 83—2). After a sentencing hearing, the defendant was admitted to probation for 1 year and fined $100 plus costs. Thereafter, the State moved that the defendant's weapon, a Smith and Wesson .357 magnum revolver with serial number 4K80231, be turned over to the Champaign Police Department pursuant to section 24—6 of the Code. After a hearing on the motion, the trial court on July 9, 1975, entered an order granting the State's motion.

On appeal, the defendant alleges that section 24—6 as in effect prior to October 1, 1975, violates the due process clauses of our State and Federal constitutions because it permits the automatic forfeiture of weapons without affording prior notice and an opportunity to be heard. Defendant also alleges that the statute permits an impermissible forfeiture of estate in violation of section 11 of article I of our 1970 constitution.

At the time defendant's weapon was turned over to the Champaign Police Department, section 24—6 provided:

"(a) Upon conviction of a violation of Section 24—1 or Section 24—3.1 of this Article, any weapon seized shall be confiscated by the trial court.

(b) Any stolen weapon so confiscated, when no longer needed for evidentiary purposes, shall be returned to the person entitled to possession if known. All other confiscated weapons when no longer needed for evidentiary purposes, shall in the discretion of the trial

court, be destroyed, or preserved as property of the governmental body whose police agency seized the weapon." (Ill. Rev. Stat. 1973, ch. 38, par. 24—6.)

Subsection (b) was thereafter amended, effective October 1, 1975, and now provides:

"(b) Any stolen weapon so confiscated, when no longer needed for evidentiary purposes, shall be returned to the person entitled to possession if known. All other confiscated weapons after the disposition of a criminal case and when no longer needed for evidentiary purposes, and when in due course no legitimate claim has been made for such weapons, the court may transfer such weapons to the sheriff of the county who shall proceed to destroy them, or may in its discretion order such weapons preserved as property of the governmental body whose police agency seized the weapon. If, after the disposition of a criminal case, a need still exists for the use of said confiscated weapons for evidentiary purposes, the court may transfer such weapons to the custody of the State Department of Corrections for preservation." (Ill. Rev. Stat. 1975, ch. 38, par. 24—6(b).)

For the purposes of the instant appeal, we are concerned only with the statute in effect prior to October 1, 1975.

In allowing the State's motion, the trial court noted that "[w]hether the People's motion is considered as part of the original criminal proceeding out of which the conviction arose, or a separate proceeding *in rem*, the defendant is on notice and before the court." The defendant admits in his brief that he was aware of the State's section 24—6 motion and that he did not lose his weapon as a result of being denied prior notice and an opportunity to be heard.

■■ The State contends that defendant lacks standing to challenge the constitutionality of the statute because he was not in any way aggrieved by it. A person attacking a statute's constitutionality must bring himself within the class as to whom the statute is unconstitutional (*People v. Bombacino* (1972), 51 Ill. 2d 17, 288 N.E.2d 697, *cert. denied*, 409 U.S. 912, 34 L. Ed. 2d 173, 93 S. Ct. 230), unless the unconstitutional feature, if it exists, is of such character as to render the entire act void. (*People v. Palkes* (1972), 52 Ill. 2d 472, 288 N.E.2d 469, *appeal dismissed*, 411 U.S. 923, 36 L. Ed. 2d 386, 93 S. Ct. 1892; *City of Elmhurst v. Buettgen* (1946), 394 Ill. 248, 68 N.E.2d 278.) Since the defendant herein has conceded, in effect, that he is not aggrieved by the failure to provide for prior notice and an opportunity to be heard under section 24—6, we need not address the due process question raised in this appeal.

■■ Although section 11 of article I of our 1970 constitution provides that "[n]o conviction shall work corruption of blood or forfeiture of

estate," the State may still seize or destroy contraband which cannot be owned or possessed legally, or which is injurious to the public health and morals without violating the constitutional provision. (*People v. Moore* (1951), 410 Ill. 241, 102 N.E.2d 146.) By enacting section 24—6, our legislature is presumed to have determined that the retention of weapons used in the commission of certain crimes by persons convicted of those crimes is irresponsible and poses a danger to the public welfare. Consequently, such firearms must be disposed of as contraband to which no one can assert an enforceable property interest. *Moore; Frost v. People* (1901), 193 Ill. 635, 61 N.E. 1054.

In *People ex rel. Hanrahan v. One 1965 Oldsmobile* (1972), 52 Ill. 2d 37, 284 N.E.2d 646, *rev'd per curiam sub nom. Robinson v. Hanrahan* (1972), 409 U.S. 38, 34 L. Ed. 2d 47, 93 S. Ct. 30, our supreme court stated:

> "Appellant further maintains that the forfeiture statute violates section 11 of article II of the 1870 Illinois constitution which provides that 'no conviction shall work * * * [a] forfeiture of estate * * *.' We find no constitutional violation, for the forfeiture statute is not dependent upon a prior conviction, and if property is declared subject to seizure and confiscation appellant could not claim a right to ownership or possession. [Citation.]" (52 Ill. 2d 37, 44, 284 N.E.2d 646.)

*One 1965 Oldsmobile* was reversed on other grounds by the Supreme Court; however, we still distinguish the language quoted from our supreme court's opinion in the case because it does not deal with an actual forfeiture of estate as punishment following a criminal conviction, and because it does not address the relationship of contraband to the forfeiture of estate clause. The supreme court merely stated that there was no violation of the forfeiture of estate clause of our constitution because the forfeiture did not follow defendant's conviction. In the instant case, we are presented with a post-conviction forfeiture that may have violated the forfeiture of estate clause had the forfeited weapon not been contraband to which " * * * no one can assert a legal ownership or right to possession that will be respected by any court." 410 Ill. 241, 247, 102 N.E.2d 146.

■■ We note that section 24—6 has been amended to permit a claim procedure for persons who may have a legitimate claim to a weapon otherwise subject to seizure under section 24—6. The statute in effect on July 9, 1975, however, does not permit such a claim procedure other than for owners of stolen property. We, therefore, do not address the question of what a legitimate claim might be under the amended statute. We also decline to define the term contraband although it is apparent in the instant case that the defendant's weapon was contraband because it was seized after the defendant had used it in a manner that the legislature had found

to be dangerous to the public welfare. *Moore*; Ill. Rev. Stat. 1973, ch. 38, par. 24—1(a)(4).

Accordingly, we affirm the order of the trial court requiring that the defendant's revolver be deposited with the Champaign Police Department.

Affirmed.

CRAVEN, P. J., and TRAPP, J., concur.