THE PEOPLE *ex rel.* MICHAEL M. MIHM, State's Attorney of Peoria County, Plaintiff-Appellant, *v.* CHARLES E. MILLER *et al.*, Defendants-Appellees.

Third District   No. 79-860

Opinion filed October 15, 1980.

Michael M. Mihm, State's Attorney, of Peoria (Peter J. Wayne, Assistant State's Attorney, of counsel), for appellant.

No brief filed for appellees.

Mr. JUSTICE BARRY delivered the opinion of the court:
The underlying cause in this appeal was brought to the Circuit Court of Peoria County upon the filing of a complaint for the forfeiture of the

automobile of the defendant Charles E. Miller. In his answer to the complaint, the defendant prayed that the complaint be dismissed.

Before the trial court, the facts were stipulated by the parties to be that on June 23, 1979, the defendant's automobile, which was being driven by the defendant, was stopped for failing to make a complete stop at a stop sign. The police officers making the stop observed what appeared to be marijuana on the console. One of the officers asked the defendant to exit the automobile, and the officer discovered in the car a glass which appeared to contain alcoholic liquor. In addition, when the defendant stepped out of the car, one of the officers observed the defendant drop from his pocket a small, plastic envelope containing a white powder which was later determined to be .08 grams of cocaine.

At the time of the hearing, charges against the defendant for the unlawful possession of cocaine and the unlawful possession of cannabis remained pending. A motion to suppress the evidence in the drug charges had been determined in favor of the State.

Based on this evidence, the trial court dismissed the complaint. The trial court found that the automobile was not being used in or to further a criminal act, but that the presence of the drug on the defendant's person "was merely coincidental in time and place." From this determination, the State appeals.

The relevant portion of the pertinent statute states:

"Any vessel, vehicle or aircraft used with the knowledge and consent of the owner in the commission of, or in the attempt to commit * * * an offense prohibited by * * * Section * * * 402 * * * of the 'Illinois Controlled Substances Act' * * * may be seized and delivered forthwith to the sheriff of the county of seizure." (Ill. Rev. Stat. 1977, ch. 38, par. 36—1.)

Section 402 (Ill. Rev. Stat. 1977, ch. 56½, par. 1402) declares the unlawful possession of less than 30 grams of cocaine to be a Class 3 felony.

■■ As the terms are employed in the forfeiture statute, "used in the commission or attempt" seems to imply that the commission or attempt is in some way facilitated by the utilization of the vehicle. In *People ex rel. Hanrahan v. One 1965 Oldsmobile* (1972), 52 Ill. 2d 37, 284 N.E.2d 646, *rev'd on other grounds sub nom. Robinson v. Hanrahan* (1972), 409 U.S. 38, 34 L. Ed. 2d 47, 93 S. Ct. 30, the Illinois Supreme Court, discussing the forfeiture of vehicles as a method of crime control, found no valid distinction between the confiscation of vehicles used in smuggling "and the seizure of one which is used to facilitate an alleged felony" (52 Ill. 2d 37, 44) where the facts indicate that the vehicle was an integral part of the crime.

While there may be some question as to whether an automobile facilitates the actual possession of a very small amount of a controlled sub-

stance which is carried on the person of the driver, to the extent the automobile adds a dimension of privacy, however, it does facilitate the possession.

■■■ It must be noted that the defendant-appellee has not filed a brief with this court. This is unfortunate because the court is deprived of the appellee's reasoning and argument, but the court will not act as the appellee's advocate (*Fischer v. Kellenberger* (1979), 73 Ill. App. 3d 550, 392 N.E.2d 733.) Where, as here, the appellant's brief, with support from the record, demonstrates *prima facia* reversible error, the judgment of the trial court may be reversed. *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.

For the reasons previously discussed, the order of the Circuit Court of Peoria County is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

STOUDER and STENGEL, JJ., concur.