THE PEOPLE *ex rel.* JOHN A. BARRA, State's Attorney of Peoria County, Plaintiff-Appellee, v. DONNA LEE, Defendant-Appellant.

Third District   No. 3—84—0033

Opinion filed October 10, 1984.

BARRY, J., specially concurring.

Kevin W. Lyons, Ltd., of Peoria, for appellant.

John A. Barra, State's Attorney, of Peoria (John X. Breslin and John M. Wood, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE HEIPLE delivered the opinion of the court:

On September 1, 1983, defendant Donna Lee was driving a 1968 Chevrolet van in the village of Bartonville. Three friends accompanied her. A Bartonville police officer spotted the flashing yellow light of what he believed to be a street barricade in the rear of the van.

Upon stopping the van, the officer found open beer, as well as the barricade. Lee was then placed under arrest. A search of her purse incident to the arrest uncovered a small plastic bag containing several pills. These pills were later determined to contain a controlled substance.

Defendant ultimately pleaded guilty to unlawful possession of a controlled substance. She was sentenced to two years' probation and ordered to pay costs. The People then petitioned the court to forfeit the van pursuant to article 36 of the Illinois Criminal Code of 1961 (Ill. Rev. Stat. 1981, ch. 38, par. 36—1 et seq.). The court ordered the vehicle forfeited.

The forfeiture statute states, in pertinent part:

"Sec. 36—2. Action for forfeiture. (a) *** If the State's Attorney does not cause the forfeiture to be remitted he shall forthwith bring an action for forfeiture in the Circuit Court ***. *** The State shall show at such hearing by a preponderance of the evidence, that such *** vehicle was used in the commission of an offense described in section 36—1." Ill. Rev. Stat. 1981, ch. 38, par. 36—2.

The People cite *People ex rel. Mihm v. Miller* (1980), 89 Ill. App. 3d 148, 411 N.E.2d 592, as the leading case supporting forfeiture for this kind of offense. There, the evidence showed that the controlled substance was found on defendant's person after stepping out of the vehicle upon request. The *Miller* court relied principally upon *People ex rel. Hanrahan v. One 1965 Oldsmobile* (1972), 52 Ill. 2d 37, 284 N.E.2d 646, *rev'd on other grounds, Robinson v. Hanrahan* (1972), 409 U.S. 38, 34 L. Ed. 2d 47, 93 S. Ct. 30. The critical holding in *Hanrahan* was that no distinction should exist for vehicles used in smuggling and vehicles used to "facilitate commission of an alleged felony" (52 Ill. 2d 37, 44, 284 N.E.2d 646). The *Miller* court applied this reasoning as follows:

"While there may be some question as to whether an automobile facilitates the actual possession of a very small amount of a

controlled substance which is carried on the person of the driver, to the extent the automobile adds a dimension of privacy, however, it does facilitate the possession." 89 Ill. App. 3d 148, 149-50, 411 N.E.2d 593.

The doubt expressed in *Miller* finds full fruition here. In *Miller* the contraband was located in the defendant's pocket. The contraband fell from the defendant's pocket, thus demonstrating that the defendant's pocket was neither a secure nor a secret place. The vehicle in *Miller* thus afforded the defendant the exclusive means of privacy. In the instant case, on the other hand, the contraband was completely concealed within a closed purse. Thus, the vehicle furnished no additional dimension of privacy. Accordingly, it strains the imagination to characterize the vehicle in question as facilitating the commission of this offense.

For these and the foregoing reasons, the decision of the circuit court is reversed. The vehicle in question shall be remitted forthwith to the defendant.

Reversed.

STOUDER, J., concurs.

JUSTICE BARRY, specially concurring.

Contra to *Miller*, here the vehicle did not facilitate the possession of the substance, and I concur.