THE PEOPLE *ex rel.* WILLIAM J. KILQUIST, Plaintiff-Appellant, v. ONE 1978 MAZDA GLC AUTOMOBILE, VEHICLE IDENTIFICATION NUMBER FA4TS660606, Defendant-Appellee.

Fifth District No. 5—86—0304

Opinion filed January 27, 1988.

John R. Clemons, State's Attorney, of Murphysboro (Kenneth R. Boyle, Stephen E. Norris, and Matthew E. Franklin, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for appellant.

Richard E. White, Chartered, of Murphysboro, for appellee.

JUSTICE LEWIS delivered the opinion of the court:

The State appeals from a judgment of the circuit court of Jackson County dismissing a complaint for forfeiture of a vehicle filed pursuant to section 36—2 of the Criminal Code of 1961 (Ill. Rev. Stat. 1985, ch. 38, par. 36—2). We affirm.

The facts are not in dispute. On September 28, 1985, officers of the Jackson County sheriff's department and the Ava police depart-

ment arrested Charles Joslin for driving while under the influence of alcohol after they had found Joslin and his vehicle in a ditch, smelled the odor of alcohol on his breath, and observed behavior consistent with intoxication. One of the officers, Danny Stone, undertook an inventory search of Joslin's vehicle.

In the backseat of the vehicle, Stone found an unzipped duffle bag. He "pulled open" the bag and looked inside. The bag contained clothing and an unzipped shaving kit. Stone opened the shaving kit and discovered therein a clear plastic bottle containing 10 pills, subsequently determined to contain benzphetamine.

On October 4, 1985, a complaint was filed in the circuit court of Jackson County for forfeiture of Joslin's vehicle. The complaint alleged that Joslin used his vehicle in the commission of a felony in that he unlawfully possessed a controlled substance in violation of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1985, ch. 56½, par. 1100 *et seq.*).

Following a hearing on April 3, 1986, the circuit court granted a defense motion to dismiss the complaint, finding no evidence that Joslin's vehicle was used in the commission of the underlying offense. On May 7, 1986, the State filed notice of appeal.

■ The State contends that Charles Joslin used his vehicle to commit the offense of possession of a controlled substance. In order to obtain reversal, the State must clearly demonstrate that the vehicle facilitated the commission of the offense and was an integral part of the crime. *People ex rel. Hanrahan v. One 1965 Oldsmobile* (1972), 52 Ill. 2d 37, 284 N.E.2d 646, *rev'd on other grounds sub nom. Robinson v. Hanrahan* (1972), 409 U.S. 38, 34 L. Ed. 2d 47, 93 S. Ct. 30; *People ex rel. Mihm v. Miller* (1980), 89 Ill. App. 3d 148, 411 N.E.2d 592.

In *Miller*, defendant was stopped for failing to make a complete stop at a stop sign. The police officers making the stop observed what appeared to be cannabis on the console of defendant's vehicle. One of the officers asked the defendant to exit the automobile. When defendant stepped out of the car, an officer observed a small plastic envelope drop from defendant's pocket. The envelope contained a white powder which was later determined to be .08 grams of cocaine.

The trial court dismissed a complaint for forfeiture, finding that the automobile was not being used in, or to further, a criminal act. The court held that the presence of the drug on the defendant's person "was merely coincidental in time and place."

The Appellate Court, Third District, reversed, stating:

"While there may be some question as to whether an automobile facilitates the actual possession of a very small amount of a

controlled substance which is carried on the person of the driver, to the extent the automobile adds a dimension of privacy, however, it does facilitate the possession." 89 Ill. App. 3d at 149-50, 411 N.E.2d at 593.

The appellate court noted that the defendant-appellee had not filed a brief and expressed its disappointment in being "deprived of the appellee's reasoning and argument." (*Miller*, 89 Ill. App. 3d at 150, 411 N.E.2d at 593.) The court concluded, "Where, as here, the appellant's brief, with support from the record, demonstrates *prima facie* reversible error, the judgment of the trial court may be reversed." *Miller*, 89 Ill. App. 3d at 150, 411 N.E.2d at 593.

Subsequent to the *Miller* decision, the Appellate Court, Third District, had another opportunity to address a similar factual situation in *People ex rel. Barra v. Lee* (1984), 128 Ill. App. 3d 128, 470 N.E.2d 46. In *Lee*, defendant was stopped on suspicion of having a street barricade in the rear of her van. During the course of the stop, the investigating officer found open beer, as well as the barricade. Defendant was placed under arrest. A search of her purse incident to the arrest uncovered a small plastic bag containing several pills which were later determined to contain a controlled substance.

After defendant pleaded guilty to unlawful possession of a controlled substance, the State brought an action for forfeiture of defendant's van. The court ordered the van forfeited.

The Appellate Court, Third District, reversed, noting the uncertainty expressed in the *Miller* decision:

"The doubt expressed in *Miller* finds full fruition here. In *Miller* the contraband was located in the defendant's pocket. The contraband fell from the defendant's pocket, thus demonstrating that the defendant's pocket was neither a secure nor a secret place. The vehicle in *Miller* thus afforded the defendant the exclusive means of privacy. In the instant case, on the other hand, the contraband was completely concealed within a closed purse. Thus, the vehicle furnished no additional dimension of privacy. Accordingly, it strains the imagination to characterize the vehicle in question as facilitating the commission of this offense." 128 Ill. App. 3d at 130, 470 N.E.2d at 47.

In the instant case, 10 pills were found inside a clear plastic bottle, which was inside a shaving kit, which in turn was inside a duffle bag located on the backseat of Joslin's car. Although the duffle bag and shaving kit were unzipped, the bottle containing the pills apparently was not visible until Officer Stone "pulled open" first the duffle bag and then the shaving kit. It was not apparent from Stone's testi-

mony whether he had to rummage through the clothing in the duffle bag before he located the shaving kit.

We find the facts of this case virtually identical to those in *Lee.* As in *Lee,* the vehicle here furnished no additional dimension of privacy. The contraband was completely concealed within a shaving kit, inside a duffle bag. Joslin's vehicle did not facilitate the commission of this offense.

For the foregoing reasons, the decision of the circuit court is affirmed.

Affirmed.

KARNS and WELCH, JJ., concur.