THE PEOPLE *ex rel.* RICHARD M. DALEY, State's Attorney of Cook County, Plaintiff-Appellee, v. ONE 1978 BUICK AUTOMOBILE, Vehicle Identification No. 4N69Y8X101063, Defendant-Appellant.

First District (2nd Division)   No. 1—88—1429

Opinion filed March 21, 1990.

Law Offices of Joseph V. Roddy, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Inge Fryklund, Lacoulton Walls, and James D. Brosnahan, Assistant State's Attorneys, of counsel), for appellee.

JUSTICE SCARIANO delivered the opinion of the court:

Larry J. Elenz (Elenz) appeals from an order of the circuit court authorizing the forfeiture of a 1978 Buick automobile which the State alleges he used in the commission of the offense of gambling. Elenz maintains that the vehicle is not subject to forfeiture because the State failed to prove by a preponderance of the evidence that it was used to facilitate gambling. We affirm.

At the forfeiture hearing in the circuit court on April 27, 1988,

two investigators of the Cook County sheriff's police, Jose Rivera and Wayne Wieczorek, testified for the State; no witnesses testified for the defense; consequently, the undisputed facts are as follows.

On December 26, 1987, at about 10:45 a.m., members of the Cook County sheriff's police department observed Elenz leaving his residence at 834 Oak Street, Winnetka, Illinois. Elenz walked across the street toward his automobile, a 1978 Buick. As he inserted a key in the door and was about to enter the vehicle, the officers approached him and, pursuant to a warrant for gambling paraphernalia, conducted a search of Elenz's person, his residence and his car.

The officers retrieved a check, $537 in cash and a tally sheet from Elenz's right front pants pocket. Figures on the tally sheet indicated bettors' identification numbers, amounts wagered and whether the amounts were paid. In the trunk of the vehicle, the officers found a booklet entitled "Doc's Journal" containing schedules of college and professional football games and blank spaces for recording scores. Also in the trunk were 13 documents bearing college football pools, all of which contained the statement: "Contest Rules $5.00," and two of which were filled out. On the front seat there was a briefcase containing gambling periodicals. Finally, the officers recovered documents with recorded gambling wagers from Elenz's residence. Elenz was subsequently arrested. After being advised of his *Miranda* rights, he said that one of the betting slips from his residence was a bet he had made through a friend in Las Vegas and that he thought it was legal. He also repeated a number of times that he felt somebody must have talked. The parties stipulated that the record owner of the 1978 Buick, vehicle identification No. 4N69Y8X101063, was Larry J. Elenz.

After the hearing, the circuit judge found that the State proved by a preponderance of the evidence the Elenz's 1978 Buick was used in the commission of the offense of gambling while in his possession and control and that the automobile was lawfully seized. Accordingly, the judge authorized the forfeiture of the car pursuant to Article 36 of the Criminal Code of 1961 (Ill. Rev. Stat. 1987, ch. 38, par. 36—1 *et seq.*). Invoking our jurisdiction under Supreme Court Rule 307 (107 Ill. 2d R. 307), Elenz appeals.

■ Forfeiture is a civil proceeding *in rem.* (*People v. Dugan* (1985), 109 Ill. 2d 8, 485 N.E.2d 315.) The forfeiture provisions in the Criminal Code of 1961 (Code) provide in pertinent part as follows:

"§36—1. Seizure. Any *** vehicle *** used with the knowledge and consent of the owner in the commission of, or in the attempt to commit *** an offense prohibited by (a) Section *** 28—1 of this Code *** may be seized and delivered forthwith to

the sheriff of the county of seizure." (Ill. Rev. Stat. 1987, ch. 38, par. 36—1.)

"§36—2. Action for forfeiture. (a) *** The State shall show at such hearing by a preponderance of the evidence, that such *** vehicle *** was used in the commission of an offense described in Section 36—1. The owner of such *** vehicle *** may show by a preponderance of the evidence that he did not know, and did not have reason to know, that the *** vehicle *** was to be used in the commission of such an offense ***. Unless the State shall make such showing, the Court shall order such *** vehicle *** released to the owner." (Ill. Rev. Stat. 1987, ch. 38, par. 36—2(a).)

Under section 28—1(a) of the Code, a person commits the offense of gambling when he, *inter alia*:

"(5) Knowingly owns or possesses any book, instrument or apparatus by means of which bets or wagers have been, or are, recorded or registered ***; or

(6) Sells pools upon the result of any game or contest of skill or chance ***." (Ill. Rev. Stat. 1987, ch. 38, pars. 28—1(a)(5), (a)(6).)

A reviewing court shall sustain the circuit court's determination that a vehicle was used in the offense of gambling if the determination is not against the manifest weight of the evidence. *People v. Dugan*, 109 Ill. 2d 8, 485 N.E.2d 315.

Defendant urges this court to follow the rule of law enunciated in *People ex rel. Mihm v. Miller* (1980), 89 Ill. App. 3d 148, 411 N.E.2d 592, *People ex rel. Barra v. Lee* (1984), 128 Ill. App. 3d 128, 470 N.E.2d 46, and *People ex rel. Kilquist v. One 1978 Mazda GLC Automobile, Vehicle Identification Number FA4TS660606* (1988), 165 Ill. App. 3d 540, 518 N.E.2d 1287, which applied section 36—1 of the Code to circumstances implicating violations of the Controlled Substances Act (Ill. Rev. Stat. 1987, ch. 56½, par. 1100 *et seq.*). Those three decisions required the State to show that the vehicle sought to be forfeited added an element of privacy to the contraband found inside the vehicle. Thus, for example, if an illegal substance is found inside an occupant's purse which is in turn found inside a car, the purse rather than the car is held to have provided cover for the substance, and the car is therefore not forfeitable. (*People v. Lee*, 128 Ill. App. 3d 128, 470 N.E.2d 46.) In *People v. One 1978 Mazda*, the court affirmed an order denying forfeiture, because the illegal substance was found hidden in a shaving kit, concealed inside a duffle bag. (*People v. One 1978 Mazda*, 165 Ill. App. 3d 540, 518 N.E.2d 1287.) Although

*People v. Miller* articulated the same rule of law, the court reversed in favor of forfeiture. (*People v. Miller*, 89 Ill. App. 3d 148, 411 N.E.2d 592.) In that case a packet containing contraband fell out of the car owner's pocket when he stepped out of his vehicle. The court held that the car added a dimension of privacy because the pocket was obviously not very secure. Elenz argues by analogy that because the gambling periodicals, the only possibly incriminating pieces of evidence retrieved from his vehicle, were found inside a briefcase, the vehicle did not provide an added dimension of privacy.

Elenz's promethean efforts, alas, prove unavailing, for he assumes too much when he claims that the only incriminating evidence was inside the briefcase; we find entirely unconvincing his arguments that the other items retrieved from his person and car did not constitute gambling paraphernalia and that they were too dated to be evidence of criminal activity.[1] Furthermore, language requiring a vehicle to add a dimension of privacy is pointedly lacking in *People v. Dugan* (1985), 109 Ill. 2d 8, 485 N.E.2d 315, a supreme court decision which specifically addresses the forfeiture statute in the context of a gambling offense. In *Dugan*, the vehicle contained, among other things, gambling club membership cards, playing cards, variously colored poker chips, gambling table covers and $30,000 in cash. In upholding the circuit judge, the court held that "[t]he use of the car as a mobile office or safe was sufficiently connected to the gambling activity, and therefore it may be considered to have been used in the commission of the offense." 109 Ill. 2d at 18, 485 N.E.2d at 320.

■ In the present case, Elenz's car contained a number of gambling periodicals, a journal with college and professional football game schedules and a place to record scores, and 13 college football pools. Additionally, Elenz was carrying a tally sheet with recorded wagers on his person and kept other records of wagers in his residence. Taken together, this evidence tends to establish that Elenz, like the vehicle owner in *Dugan*, used his car as a mobile office and means of transporting gambling paraphernalia in furtherance of illegal gambling activity. Moreover, contrary to Elenz's contentions, the tally sheet found on his person and the other records of wagers found in his residence are relevant to the extent that they help establish that he was involved in illegal gambling activity. (See *Dugan*, 109 Ill. 2d at

---

[1]On cross-examination, Officer Rivera testified that the games listed in 13 football pools were not dated and therefore "[i]t could be possible" that they were games played in 1983. He also testified, however, that Elenz's copy of "Doc's Journal," a publication often used in connection with football pools, was copyrighted in 1987.

17-18, 485 N.E.2d at 320 (reviewing court considered evidence that a portion of the cash recovered in the vehicle "had been gambled by [undercover] agents at the club the night the car was seized").) Accordingly, we find that the trial judge's decision ordering the forfeiture of Elenz's 1978 Buick was eminently correct and fully supported by the evidence.

Affirmed.

HARTMAN and BILANDIC, JJ., concur.