THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ONE 1986 FORD RANGER PICKUP TRUCK *et al.*, Defendants-Appellants.

Third District No. 3—90—0606

Opinion filed May 21, 1991.

Dean A. Stone, of Macomb, for appellant.

Samuel Naylor VI, State's Attorney, of Carthage (Rita Kennedy Mertel, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HAASE delivered the opinion of the court:

The State filed a petition seeking the forfeiture of defendant Donald Tunis' Ford Ranger pickup truck. The trial court granted the petition. The defendant appeals.

The record shows that in addition to filing a forfeiture petition, the State charged the defendant with unlawful possession of a controlled substance with the intent to deliver (Ill. Rev. Stat. 1989, ch. 56½, par. 1401 *et seq.*). The defendant pled guilty to the possession charge, but contested the forfeiture petition.

The evidence on the forfeiture petition showed that on January 20, 1989, officers of the Hancock County sheriff's office and the city police of Hamilton, Illinois, executed a search warrant at Tunis' home.

When the officers entered the home, another individual was purchasing methamphetamine from Tunis.

The police found a loaded revolver in the home during the search. Tunis told them he had a firearm owner's identification (FOID) card in his wallet, which was in the glove compartment of his truck. He then gave Deputy Bill Ferrill the keys to the truck. Ferrill found the locked truck on Tunis' property, near the home. Inside in plain view were some pills Ferrill described as "look alike drugs." Deputy Ferrill then opened the unlocked glove compartment and found a wallet, which he took back into the house. Upon opening and examining the wallet, Ferrill found Tunis' personal identification items, including the FOID card. He also found a small packet containing a substance later determined to be methamphetamine. The packet was approximately one-quarter inch long and one-quarter inch to one-half inch wide. It could not be seen until the wallet was opened and examined. Deputy Ferrill showed the packet to Sheriff Yager, who in turn showed Ferrill five identical packets that had been found on Tunis during the execution of the search warrant.

The trial court found that the vehicle was subject to forfeiture under the Illinois Controlled Substances Act (Ill. Rev. Stat. 1989, ch. 56½, par. 1100 *et seq.*). On appeal, the defendant argues that mere possession of a controlled substance in a wallet in the glove compartment of a vehicle, absent any other evidence that the vehicle is being used in the commission of a possessory offense, does not permit forfeiture of the vehicle. The thrust of his argument is that his truck did not assist him in the criminal act. The defendant notes that he would have been guilty of the crime of possession of a controlled substance regardless of the presence or use of his truck, since the controlled substance was within an item of his personal property.

■ We note that the trial court agreed there was no question that the defendant could have been convicted of possession of a controlled substance with or without the presence of the truck. It correctly found, however, that the question was not whether the commission of the crime could have occurred without the vehicle, but rather whether the truck "facilitated" the commission of the crime. *People ex rel. Mihm v. Miller* (1980), 89 Ill. App. 3d 148, 411 N.E.2d 592.

The defendant claims that the truck did not facilitate the commission of the crime. To support this claim, he relies primarily upon two cases: *People ex rel. Barra v. Lee* (1984), 128 Ill. App. 3d 128, 470 N.E.2d 46, and *People ex rel. Kilquist v. One 1978 Mazda GLC Automobile, Vehicle Identification Number FA4TS660606* (1988), 165 Ill. App. 3d 540, 518 N.E.2d 1287.

In *Lee*, police stopped a van and found in the driver's purse a small plastic bag containing pills that were later determined to be a controlled substance. The trial court ordered the vehicle forfeited. We reversed, noting that the contraband was completely concealed within a closed purse and that the vehicle therefore furnished no additional dimension of privacy.

In *One 1978 Mazda GLC Automobile*, the appellate court affirmed the trial court's denial of a vehicle forfeiture petition. The owner of the vehicle had been arrested for DUI after he and his vehicle were found in a ditch. One of the officers undertook an inventory search of the vehicle and found a duffle bag. Inside the bag was a shaving kit, and inside the shaving kit was a clear plastic bottle containing a controlled substance. The court found that although the duffle bag and shaving kit were both unzipped, the drugs were not visible until the officer pulled open the bag and the kit. Noting that the case was similar to *Lee*, the court denied the forfeiture petition since the vehicle furnished no additional dimension of privacy.

In the instant case, the State argues that the truck was used to facilitate the commission of the crime by adding a dimension of privacy. In support of its argument, the State relies upon *People ex rel. Mihm v. Miller* (1980), 89 Ill. App. 3d 148, 411 N.E.2d 592, and *People ex rel. Vandersnick v. One 1987 Dodge Charger Automobile Vehicle Identification Number 1B3BZ44C5HD525894* (1990), 193 Ill. App. 3d 547, 550 N.E.2d 271.

██ *Miller* made it clear that to the extent an automobile adds a dimension of privacy, it also facilitates possession. Then, in *One 1987 Dodge Charger*, this court noted that the vehicle need not afford the *exclusive* means of privacy. In that case, we reversed the trial court's refusal to order the forfeiture of a vehicle where cocaine was found in a Tupperware container in the glove compartment of an automobile. We concluded that the vehicle facilitated the possession offense since it added a measure of privacy. Our conclusion was premised on the fact that possession of the cocaine was made easier by concealing it in the glove compartment.

██ A forfeiture proceeding is civil in nature so the State is only required to establish its right to the property forfeited by a preponderance of the evidence. (*People ex rel. Vandersnick v. One 1987 Dodge Charger Automobile Vehicle Identification Number 1B3BZ44C5HD525894* (1990), 193 Ill. App. 3d 547, 550 N.E.2d 271.) Additionally, on review, an appellate court will not reverse the trial judge's order regarding forfeiture unless the ruling is against the

manifest weight of the evidence. *People v. Strong* (1986), 151 Ill. App. 3d 28, 502 N.E.2d 744.

 In the case at hand, the record supports the trial court's finding that the truck facilitated the offense by adding a dimension of privacy. The presence of the drugs was not merely incidental to the use of the truck. Rather, concealment and security were afforded the methamphetamine by virtue of its being stored in the glove compartment of a locked truck. Therefore, the truck offered an added dimension of privacy that made possession easier.

Accordingly, the judgment of the circuit court of Hancock County is affirmed.

Affirmed.

STOUDER, P.J., and McCUSKEY, J., concur.