THE PEOPLE *ex rel.* GARY L. SPENCER, State's Attorney of Whiteside County, Petitioner-Appellant, v. ONE 1978 PONTIAC AUTOMOBILE, VIN No. 2L69Y8P243561, *et al.*, Respondents-Appellees.

Third District   Nos. 3—92—0359 through 3—92—0361 cons.

Opinion filed March 8, 1993.

Gary L. Spencer, State's Attorney, of Morrison (John X. Breslin and Gary F. Gnidovec, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for appellant.

Nelson, Kilgus, Richey & Hauptman, of Morrison (Walter C. Kilgus, of counsel), for appellees.

JUSTICE SLATER delivered the opinion of the court:

On March 27, 1992, individual complaints for forfeiture were filed against one 1978 Pontiac, one 1973 Ford and one 1976 Oldsmobile pursuant to section 36—1 of the Criminal Code of 1961 (the Code) (Ill. Rev. Stat. 1991, ch. 38, par. 36—1). The complaints alleged that each vehicle was used by its owner in the commission of the offense of gambling (Ill. Rev. Stat. 1991, ch. 38, par. 28—1). Each of the vehicle's owners stipulated that he drove his vehicle to a location in Whiteside County for the purpose of gambling. Each owner further stipulated that he thereafter played craps in violation of section 28—1 of the Code (Ill. Rev. Stat. 1991, ch. 38, par. 28—1). In addition, respondent James Lake stipulated that while travelling to the crap game he was in possession of money which was to be used for gambling. Following a hearing, the trial court denied the complaints for forfeiture, finding that the vehicles were not used in the commission of the offense of gambling.

Forfeiture is a civil proceeding *in rem.* (*People v. Dugan* (1985), 109 Ill. 2d 8, 485 N.E.2d 315.) A trial court's findings in such a proceeding will not be disturbed unless they are against the manifest weight of the evidence. (*Dugan,* 109 Ill. 2d 8, 485 N.E.2d 315; *People ex rel. Daley v. One 1978 Buick Automobile* (1990), 195 Ill. App. 3d 711, 553 N.E.2d 49.) Section 36—1 of the Code provides:

> "Any vessel, vehicle or aircraft used with the knowledge and consent of the owner in the commission of, or in the attempt to commit *** an offense prohibited by (a) Section *** 28—1 of this Code *** may be seized and delivered forthwith to the sheriff of the county of seizure." Ill. Rev. Stat. 1991, ch. 38, par. 36—1.

The issue presented by these consolidated appeals is simply this: Did the respondents' actions in driving to the location of the crap game with the intent to gamble constitute the use of their vehicles in the commission of the offense of gambling? We think not. In *People v. Dugan* (1985), 109 Ill. 2d 8, 485 N.E.2d 315, the defendant was arrested during a raid on a gambling club. The defendant's car, which had been parked in the club's parking lot, was ordered forfeited. On appeal the defendant argued that the car had not been used in the commission of an offense. The supreme court noted that the car contained membership cards for the club, playing cards, poker chips, gambling table covers and $30,000, including $700 that had been gambled by undercover agents at the club. In upholding the forfeiture, the court stated that "[t]he use of the car as a mobile office or safe *was sufficiently connected to the gambling activity*, and therefore it may be considered to have been used in the commission of the offense." (Emphasis added.) *Dugan*, 109 Ill. 2d at 18, 485 N.E.2d at 320.

■ Unlike *Dugan*, the vehicles in this case were not "connected to the gambling activity" other than as a means of transportation to the location of the crap game. We believe that such a nexus is too attenuated to support a finding that the vehicles were used in the commission of the offense. See *United States v. Lane Motor Co.* (1953), 344 U.S. 630, 97 L. Ed. 622, 73 S. Ct. 459 (vehicle used merely to travel to site of illegal distillery was not "used in violating" revenue laws and therefore not subject to forfeiture).

■ The State contends, however, that even if the vehicles were not used in the commission of the offense of gambling, they were used in an attempt to commit gambling and are therefore subject to forfeiture under section 36—1. We note initially that the complaints for forfeiture did not allege that the vehicles were used in the *attempt* to commit gambling and there is no indication in the record of a motion to amend the complaint. Furthermore, an attempt requires a substantial step toward the commission of the offense, coupled with the requisite intent. (Ill. Rev. Stat. 1991, ch. 38, par. 8—4.) We find that the act of driving to the location of the crap game was not a sufficiently substantial step to constitute the offense of attempted gambling.

For the reasons stated above, the judgments of the circuit court are affirmed.

Affirmed.

McCUSKEY, P.J., and BARRY, J., concur.