(No. 40248.—

The People *ex rel.* Daniel P. Ward, State's Attorney, Appellee, *vs.* 1963 Cadillac Coupe *et al.*—(Joseph D. Pascucci, Jr., Appellant.)

*Opinion filed November 30, 1967.*

Ward, J., took no part.

Sanford Kirsh, of Chicago, (Warren D. Wolfson, of counsel,) for appellant.

John J. Stamos, State's Attorney, of Chicago, (Edward J. Hladis and Ronald Butler, Assistant State's Attorneys, of counsel,) for appellee.

Mr. Justice Underwood delivered the opinion of the court:

This direct appeal challenges the constitutionality of article 36 of the Criminal Code of 1961 (Ill. Rev. Stat. 1965, chap. 38, pars. 36—1 through 36—4), which provides for seizure and forfeiture of vessels, vehicles and aircraft used in the commission of certain offenses.

On October 18, 1965, following their arrest of Joseph Pascucci on a charge of gambling, Chicago police officers seized a 1963 Cadillac coupe owned by him. The car was turned over to the Cook County sheriff on October 27, and the sheriff sent notice of the seizure to Pascucci on the following day. On December 22, Pascucci, by his attorney, sent certified letters to both the Cook County State's Attorney and the Illinois Attorney General demanding return of the car by virtue of failure of the State to institute a forfeiture proceeding. However, on February 8, 1966, the State's Attorney filed a complaint seeking its forfeiture. At the subsequent hearing before a magistrate of the circuit

court of Cook County, judgment was entered declaring the car forfeited and ordering it sold at public auction. Pascucci was indicted for the gambling offense which gave rise to the seizure of his automobile, pleaded guilty, and was fined $250.

Article 36 of the Code of Criminal Procedure, which has not heretofore been considered by this court, was approved August 10, 1965. Section 1 of the article authorizes seizure of "Any vessel, vehicle or aircraft used in the commission of an offense prohibited by Section 9—1, 10—2, 18—2, 19—1, 19—2, 20—1, 20—2 or 28—1 of this Code * * * or prohibited by Section 3, 37 or 38 of the 'Uniform Narcotic Drug Act'," with delivery thereof "forthwith to the sheriff of the county of seizure." (Section 28—1 of the Code applies to gambling.) Within 10 days after the delivery, the sheriff is directed to give notice of the seizure to all persons who have a "recorded" interest in the vessel, vehicle or aircraft and also to the State's Attorney of the county of seizure. Section 36—1a provides for release of the seized property to any lienholder or secured party of record who shows the State's Attorney that his interest is *bona fide* and was created without knowledge that the property was used or to be used in the commission of any of the specified offenses. In section 36—2, the State's Attorney is authorized to remit the forfeiture upon such terms and conditions as he deems reasonable and just if he finds that the forfeiture was incurred without willful negligence or intent on the part of an "interested" person or that such mitigating circumstances exist as to justify remission. If he declines to remit the forfeiture, he is required to "forthwith bring an action for forfeiture in the circuit court within whose jurisdiction the seizure and confiscation has taken place" and to give notice of the institution of the proceeding to all "interested" persons. At the hearing on the forfeiture action, the state must show "by a preponderance of the evidence" that the vessel, vehicle or aircraft was used in the

commission of an offense listed in 36—1 or the court is required to order release thereof. Any "interested person" may show, in accordance with the same standard, that he neither knew nor had any reason to know of the improper use or that one of the exceptions of section 36—3 applies. If the State makes the necessary showing, the court is authorized to order destruction or public sale of the seized property or the delivery of it to certain specified agencies. Section 36—3 provides exceptions to forfeiture for the benefit of common carriers and of owners whose vessel, vehicle or aircraft was "unlawfully" in the possession of a third party at the time of the commission of the "listed" offense. Prior to sale or destruction of seized property the Illinois Attorney General is authorized by section 36—4 to grant a remission, and his authority is couched in the same language as is that of the State's Attorney in section 36—2.

While Pascucci argues that article 36 is unconstitutional for a variety of reasons, it is unnecessary to reach those questions. Section 36—2, as heretofore noted, provides that the State's Attorney may remit the forfeiture in appropriate circumstances and that he "shall exercise his discretion * * * promptly after notice is given [him] in accordance with Section 36—1. If the State's Attorney does not cause the forfeiture to be remitted he shall *forthwith* bring an action for forfeiture * * *." (Emphasis added.) The sheriff notified the State's Attorney on October 28, the day after the car was turned over to the sheriff. The forfeiture action was not filed until February 8, some 105 days later, although Pascucci had demanded return of the car on December 22. The State urges that the Act contemplates some lapse of time since it requires the State's Attorney to investigate in order to determine whether remission is appropriate and also emphasizes the fact that the statute had been in force only a short time when the State's Attorney was notified of the seizure and somewhat greater delay can

be countenanced in establishing procedures under a new act than would normally be permissible. It is undoubtedly true that the new statute required investigation, research and realignment of staff. But these considerations do not justify us in ignoring the specific commands of the statute requiring "prompt" determination of the propriety of remission and, if such action is deemed inappropriate, the filing of forfeiture proceedings forthwith. A delay of 3½ months can scarcely be thought consistent with these statutory commands.

The judgment of the circuit court of Cook County is accordingly reversed and the cause remanded with directions to dismiss the forfeiture proceedings.

*Reversed and remanded, with directions.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.