CITY OF CHICAGO, a municipal corporation, Plaintiff,

v.

The UNITED STATES of America et al. Defendants.

No. 72 C 2124.

United States District Court,
N. D. Illinois, E. D.
March 14, 1974.

Richard L. Curry, Corp. Counsel for City of Chicago, Edwin J. Gausselin, Asst. Corp. Counsel, Chicago, Ill., for plaintiff.

James R. Thompson, U. S. Atty., Jack M. Wesoky, Asst. U. S. Atty., N. D. Ill., Bernard Carey, States' Atty. for Cook County, Catherine Ryan, Asst. State's Atty., Chicago, Ill., for defendants.

## MEMORANDUM OPINION

AUSTIN, District Judge.

This is an interpleader action brought by the City of Chicago to determine whether the United States or Cook County has the superior claim to money which originally belonged to Aultee Warr.[1] Plaintiff has deposited the amount in controversy ($6,624.38) with the Clerk of the Court, pursuant to F.R. Civ.P. 67. The subject of this opinion is resolution of the questions raised by the cross motions for summary judgment by the United States and Cook County. No affidavits were filed with either motion.

### I.

The fundamental facts in this case are not in dispute:

Defendant Aultee Warr was arrested on May 14, 1970 in Chicago on charges of gambling and failure to register syndicated gambling. At that time, the arresting officers also seized $6,624.38, which was held by the Chicago Police Department. Warr subsequently entered a plea of guilty to the charge of gambling and the trial judge imposed a fine. However, the Court made no determination as to whether the money seized at Warr's arrest was contraband (i. e., integrally related to his gambling activities). Moreover, there is no evidence submitted at this time that the money is indeed contraband.

Between 1970 and 1972, the Internal Revenue Service took the following action on behalf of the United States: it assessed Warr $7,000.00 for unpaid federal income taxes; it filed a notice of a tax lien with the Cook County Recorder of Deeds; and it served a notice of levy on the Chicago Police Department for the $6,624.38 it held in order to satisfy part of Warr's tax liability.

In view of the action taken by the Internal Revenue Service, the City of Chicago instituted this action for an adjudication of the respective rights of Cook

---

1. Originally brought in the Circuit Court of Cook County, the action was removed here by the United States pursuant to 28 U.S.C. § 1444.

County, the United States and Aultee Warr in the cash it held. Warr, although served with process, has filed neither an appearance nor a responsive pleading.

Thus, the question presented for decision here is whether the United States has a superior claim to that of Cook County in the money confiscated from Warr in the gambling raid. For the following reasons, the question is resolved in the affirmative.

## II.

■ The claim of the United States is derived from 26 U.S.C. § 6321 which provides, in pertinent part:

> "If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount . . . shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person."

Thus, the claim of the United States rests upon the premise that Warr, the taxpayer, presently has a property interest in the seized money. Whether he possesses that interest is, of course, a matter to be determined by state law. Aquilino v. United States, 363 U.S. 509, 512–513, 80 S.Ct. 1277, 4 L.Ed.2d 1365 (1960).

Cook County, on the other hand, contends that under Illinois law it, not Warr, holds title to the money. This claim is founded on the argument that the money is contraband and that by statute[2] and under common law[3] Warr forfeited to the State all property rights in the money the moment it became contraband. Accordingly, Cook County contends that Warr has no property interest in the money upon which the United States may exercise its claim for unpaid taxes.

However, there are two fatal flaws to the position of Cook County, either of which leads to the conclusion that Warr still holds title to the money; and therefore, the United States has a prior claim to it.

### A. *The Procedural Flaw*

■ In the first place, Cook County failed to comply with the forfeiture procedure which is set forth in 38 Ill.Rev. Stat. § 28–5(c).[4] Basically, section 28–

---

2. The statute relied upon here is 38 Ill.Rev. Stat. § 28–5(b), which provides in pertinent part:
   "Any money or other thing of value integrally related to acts of gambling shall be seized and forfeited as contraband to the county wherein such seizure occurs."

3. Cook County points in particular to the language in Glennon v. Britton, 155 Ill. 232, 40 N.E. 594 (1895):
   "The theory is, in respect of such property, [contraband] that no one is longer the owner of it. The moment it is used and applied in the unlawful business it becomes liable to forfeiture and though the claimant may appear and claim it, he has no greater rights in property so used than has any other person." 155 Ill. at 244–245, 40 N.E. at 598.
   *See also* People v. Moore, 410 Ill. 241, 247–250, 102 N.E.2d 146 (1951) (although money is not contraband *per se*, it becomes such when it constitutes a functional integral part of a gambling operation; and if property is actually contraband, no one can assert a legal ownership or right to possession that will be respected by any court); and Dufauchard v. Ward, 51 Ill.App.2d 42, 46, 200 N. E.2d 833 (1964).

4. 38 Ill.Rev.Stat. § 28–5(c) provides, in pertinent part:
   "If, within 60 days after any seizure pursuant to subparagraph (b) of this Section [*see* n. 2, *supra*], a person having any property interest in the seized property is charged with an offense, the court which renders judgment upon such charge shall, within 30 days after such judgment, conduct a forfeiture hearing to determine whether such property was contraband at the time of seizure. Such hearing shall be commenced by a written petition by the State, . . . and a request for forfeiture . . . . If the Court determines that the seized property was contraband at the time of seizure, an order of forfeiture and disposition of the seized property shall be entered: . . . money . . . shall be received by the State's Attorney and . . . shall be deposited in the general fund of the County wherein such seizure occurred."

5(c) requires that, in order for title to property seized in connection with gambling activities to vest in the County, the Court that entered judgment on the gambling charges against the property owner must first conduct a forfeiture hearing at which evidence as to whether the property is actually contraband (i. e., integrally related to the gambling activities), shall be presented. Not only does the State's Attorney bear the burden of proof in such a proceeding, but also, and more important in the present case, he bears the burden of instituting the proceeding itself by filing a written petition requesting forfeiture. Moreover, he must file the forfeiture petition in time for the hearing thereon to be held within 30 days after entry of judgment on the criminal charges.

■ It is undisputed in this case that the State's Attorney failed to timely file a forfeiture petition. Indeed, there is no indication that such a petition was ever filed. Under the statute it is clear that failure to comply with the 30-day requirement forever bars the contention of Cook County that the money in question here was contraband; and therefore, the claim that the money was forfeited to the County is likewise barred.

■ This conclusion comports with the obvious and sound policy enunciated by the state legislature when it enacted section 28–5(c). That policy is to protect the title to property from stale claims so that the security of property rights in this State is ensured. It is manifestly clear that the primary purpose of the 30-day limitation for conducting a forfeiture hearing is to protect the rights of property owners, whether they be felons or law-abiding citizens, from three year old claims like the one involved here. And this Court cannot and will not delve into the substantive issue of whether the 30-day period is too short or too long. That is exclusively within the province of the legislative branch of government.

The conclusion that the claim of Cook County is barred by the 30-day require-

ment is further supported by the decision in People ex rel. Ward v. 1963 Cadillac Coupe, 38 Ill.2d 344, 231 N.E.2d 445 (1967). There, the Court held that the failure of the State's Attorney to comply with a statutory mandate that he "forthwith bring an action for forfeiture" of an automobile, after he was given notice by the sheriff that it had been seized in connection with gambling activities, acts as a statutory bar to asserting such forfeiture in the future. The Court specifically held that a delay of 3½ months before instituting forfeiture proceedings could scarcely be thought consistent with the statutory command. *Id.* at 348, 231 N.E.2d 445.

■ Although a different statute was involved in *1963 Cadillac Coupe,* the same reasoning utilized there applies here: The failure of the State's Attorney to institute forfeiture proceedings, and the attending failure of the State Court to conduct a forfeiture hearing within the time prescribed by the forfeiture statute, acts as a perpetual bar to asserting the claim of the County to title in the property in question. 38 Ill. Rev.Stat. § 28–5(c) requires the State's Attorney to institute forfeiture proceedings so that the issue of whether the property in question is contraband will be adjudicated by the Court within 30 days of entry of its judgment on the gambling charges against the property owner. This was not done in the instant litigation; and therefore the County is barred from asserting that the $6,624.38 was contraband at the time it was seized from Aultee Warr. Under section 28–5(c), the money cannot be forfeited unless it is first held to be contraband. Since such a holding is now impossible, the money cannot be forfeited. Accordingly, Cook County has no claim to it. Rather, the United States, as holder of a tax lien upon the money, has the superior claim.

### B. *The Substantive Flaw*

■■ As previously noted, money is not contraband *per se;* rather, it becomes such when it constitutes a func-

tional integral part of a gambling operation. 38 Ill.Rev.Stat. § 28–5(b). *See also* People v. Moore, 410 Ill. 241, 250, 102 N.E.2d 146 (1951); Dufauchard v. Ward, 51 Ill.App.2d 42, 46, 200 N.E.2d 833 (1964). Even if the issue of whether the money in the present case is contraband can still be raised by the County, and assuming without deciding that this Court has jurisdiction of the subject matter of that issue, it is crystal clear that Cook County cannot prevail here. For it has not presented the Court with any affidavits or other evidence of the facts surrounding the seizure of the money; nor has it presented any evidence as to the connection that the money had with Warr's gambling operations.[5] In the absence of such evidence, it must be presumed that title to the property remained in Warr.

Thus, it must be concluded that the money has not been shown to be contraband, and that therefore it cannot be deemed forfeited to the County. Accordingly, the claim of the United States, as holder of the tax lien on the money, is superior to that of the County.

### IV.

The Court holds today that the claim of the United States to the $6,624.38 in question is superior to that of Cook County for two independent reasons: (1) the County failed to fulfill the procedural requirements for acquiring title to the money; and (2) even if it were not necessary to comply with those requirements, the County failed to present sufficient evidence that the money is contraband. Accordingly, the motion of the United States for entry of summary judgment in its favor is granted; and

5. The most that Cook County can say on this point is:
"In the instant case, the $6,624.38 was seized in what Aultee Warr admitted was a gambling operation on May 14, 1970 and is, as a matter of law, forfeited as of that date." *Memorandum in Support of Cook County Motion* at 4.

the corresponding motion of Cook County is denied. Judgment by default is entered against the defendant Aultee Warr.

So ordered.

Coupling the mere fact that Warr entered a plea of guilty to the gambling charges with the additional fact that money was seized at the time of his arrest is not enough to prove by a preponderance of the evidence that that money was integrally related to Warr's acts of gambling.