Rule 23 order filed
September 19, 2016;
Motion to publish granted
October 26, 2016.

2016 IL App (5th) 150338

NO. 5-15-0338

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE *ex rel.* BRENDAN F. KELLY, State's Attorney of St. Clair County, | ) ) ) | Appeal from the Circuit Court of St. Clair County. |
|     Plaintiff-Appellant, | ) ) | |
| v. | ) ) | Nos. 15-FA-047 & 15-MR-179 |
| ONE 2008 CHEVROLET TRAILBLAZER, | ) ) | |
|     Defendant | ) ) | Honorable |
| (Latoya Radford and Nathaniel D. Dukes, Claimants-Appellees). | ) ) | Robert P. LeChien, Judge, presiding. |

_____

    PRESIDING JUSTICE SCHWARM delivered the judgment of the court, with opinion.
    Justices Goldenhersh and Moore concurred in the judgment and opinion.

**OPINION**

¶ 1    On May 17, 2015, following a traffic stop in Fairview Heights, claimant Nathaniel D. Dukes was arrested and charged with driving under the influence of alcohol (DUI) (625 ILCS 5/11-501 (West 2014)) and driving while license revoked (DWLR) (625 ILCS 5/6-303 (West 2014)). The registered owner of the 2008 Chevrolet Trailblazer (VIN 1GNET13H582256890) that Dukes had been driving at the time of his arrest was his live-in girlfriend, claimant Latoya Radford.

1

¶ 2    On May 18, 2015, when interviewed by a detective with the Fairview Heights police department, Dukes stated, among other things, that Radford allowed him to use her Trailblazer "whenever he need[ed] it" and that the vehicle essentially belonged to "both of them."  Dukes explained that he could not title a vehicle in his own name because his driver's license had been revoked.

¶ 3    On May 21, 2015, the State commenced a forfeiture action against the Trailblazer pursuant to article 36 of the Criminal Code of 2012 (720 ILCS 5/36-1 *et seq*. (West 2014)).  Specifically, pursuant to section 36-1.5, the State filed a request that the circuit court hold a preliminary review hearing to determine whether there was probable cause that the vehicle "may be subject to forfeiture."  720 ILCS 5/36-1.5 (West 2014).  Stating that Dukes was the "driver" of the Trailblazer and that Radford was the "registered owner," the request referred to both as "the known claimants."

¶ 4    An affidavit in support of forfeiture was attached as an exhibit to the State's request for a preliminary review hearing.  The affidavit set forth a detailed account of the events that led to Dukes's arrest and stated, among other things, that Dukes had been observed driving the Trailblazer erratically, that he had exhibited slurred speech and smelled of alcohol when the vehicle was stopped, and that a subsequent breath test revealed that his blood alcohol concentration was nearly twice the legal limit of 0.08.  See 625 ILCS 5/11-501(a)(1) (West 2014).  The affidavit further stated that Dukes had been arrested or convicted for DUI on five prior occasions since 1997 and that his driver's license was both suspended and revoked.  The affidavit identified the Trailblazer by its vehicle identification number and its license plate number.  The affidavit did not

reference Radford at all, nor did it reference the statements that Dukes had made when interviewed on May 18, 2015.

¶ 5    On June 2, 2015, the cause proceeded to a preliminary review hearing. A transcript of the hearing is not included in the record on appeal, but the record indicates that the aforementioned affidavit was the only evidence presented for the circuit court's consideration. See 720 ILCS 5/36-1.5(b) (West 2014) ("The rules of evidence shall not apply to any proceeding conducted under this Section."). At the conclusion of the hearing, the circuit court entered a written order finding that the State had failed to establish probable cause that Radford knew or should have known that Dukes would be driving her Trailblazer on the date that it was seized. The court noted that its finding was based on "a lack of evidence." The court therefore determined that the State had failed to establish probable cause for purposes of section 36-1.5 and ordered that the Trailblazer be returned to Radford.

¶ 6    On June 30, 2015, the State filed a motion asking that the circuit court reconsider its June 2, 2015, order. The motion alleged that the affidavit in support of forfeiture overwhelmingly supported a finding of probable cause that the Trailblazer "may" be subject to forfeiture and that "the elements of 'knowledge and consent' are not part of the legal standard for a preliminary review determination." The State thus requested that the court enter an order finding probable cause so that the matter could proceed pursuant to section 36-2.

¶ 7    On August 4, 2015, the circuit court denied the State's motion to reconsider following a hearing. On August 20, 2015, the State filed its notice of appeal.

3

¶ 8                                    DISCUSSION

¶ 9     Asserting that the Trailblazer was subject to forfeiture based solely on the fact that Dukes used it in the commission of the offenses of DUI and DWLR, the State argues that the circuit court improperly determined that the State was required to preliminarily prove that Radford knew or should have known that Dukes would be driving the vehicle on the date that it was seized.  The State further argues that the circuit court's finding that the State failed to establish probable cause is against the manifest weight of the evidence. We agree.

¶ 10    An article 36 forfeiture proceeding is a civil proceeding *in rem*.  *People v. Dugan*, 109 Ill. 2d 8, 17 (1985).  The State therefore brings its action against the seized property "pursuant to the legal fiction that the property itself is guilty of facilitating a crime." *People v. A Parcel of Property Commonly Known as 1945 North 31st Street, Decatur, Macon County, Illinois*, 217 Ill. 2d 481, 497 (2005).

¶ 11    The legislative policy underlying statutes allowing vehicle forfeitures is to repress crimes that are facilitated by vehicles.  *People v. 1995 Ford Van*, 348 Ill. App. 3d 303, 309 (2004).  Courts have also noted that repeat DUI offenders and individuals who would commit the offense while their licenses are revoked or suspended are particularly concerning.  See *People v. One 2000 GMC*, 357 Ill. App. 3d 873, 877-78 (2005); *Toia v. People*, 333 Ill. App. 3d 523, 530-31 (2002).

¶ 12    The circuit court's findings in a forfeiture proceeding will not be disturbed on appeal unless they are against the manifest weight of the evidence.  *People v. 1998 Lexus GS 300*, 402 Ill. App. 3d 462, 465 (2010).  A finding is against the manifest weight of the

4

evidence where "the opposite conclusion is clearly evident." *Best v. Best*, 223 Ill. 2d 342, 350 (2006). Issues involving the interpretation of a forfeiture statute, however, are reviewed *de novo*. *People ex rel. Nerheim v. 2005 Black Chevrolet Corvette*, 2015 IL App (2d) 131267, ¶ 19.

¶ 13 Section 36-1 provides that any vehicle used with the knowledge and consent of the owner in the commission of an enumerated offense may be seized and impounded by the arresting law enforcement agency. 720 ILCS 5/36-1(a) (West 2014). Section 36-1's list of offenses is fairly extensive and includes crimes such as aggravated kidnapping, armed robbery, arson, burglary, DUI, DWLR, first degree murder, predatory criminal sexual assault of a child, and stalking. *Id.* A vehicle is deemed to have been "used in the commission of an offense described in Section 36-1" (720 ILCS 5/36-2(d) (West 2014)) if the offense was "in some way facilitated by the utilization of the vehicle" (*People ex rel. Mihm v. Miller*, 89 Ill. App. 3d 148, 149 (1980); see also *People v. Adams*, 318 Ill. App. 3d 539, 544 (2001)).

¶ 14 Section 36-1.5 provides that "[w]ithin 14 days of the seizure, the State's Attorney in the county in which the seizure occurred shall seek a preliminary determination from the circuit court as to whether there is probable cause that the property may be subject to forfeiture." 720 ILCS 5/36-1.5(a) (West 2014). "Upon making a finding of probable cause as required under [section 36-1.5], the circuit court shall order the property subject to the provisions of the applicable forfeiture Act held until the conclusion of any forfeiture proceeding." 720 ILCS 5/36-1.5(e) (West 2014). Notably, section 36-1.5 does not require that a vehicle owner be given notice of the preliminary review hearing.

5

¶ 15    Section 36-2 gives the State's Attorney of the county in which the seizure occurred the discretion to remit a forfeiture "if he or she finds that the forfeiture was incurred without willful negligence or without any intention on the part of the owner *** to violate the law."  720 ILCS 5/36-2(a) (West 2014).  Section 36-2 directs that if the State's Attorney does not remit the forfeiture, then he or she "shall forthwith bring an action for forfeiture" and give notice to the owner of record.  720 ILCS 5/36-2(b) (West 2014).  The owner may thereafter file a verified answer to the State's complaint and "may appear at the hearing on the action for forfeiture."  720 ILCS 5/36-2(c) (West 2014).

¶ 16    At the hearing on the State's action for forfeiture, the State has the burden of proving by a preponderance of the evidence that the vehicle "was used in the commission of an offense described in Section 36-1."  720 ILCS 5/36-2(d) (West 2014).  The burden then shifts to the owner to show by a preponderance of the evidence that he or she did not know, and did not have reason to know, that the vehicle was to be used in the commission of such an offense or that any of the exceptions set forth in section 36-3 are applicable.  720 ILCS 5/36-2(e) (West 2014); *Nerheim*, 2015 IL App (2d) 131267, ¶ 18.  Implicitly, the State could then present evidence to rebut the owner's defense.  See *Barrett v. Fonorow*, 343 Ill. App. 3d 1184, 1189 (2003); *People v. Gutierrez*, 239 Ill. App. 3d 536, 541 (1992).

¶ 17    If the State fails to meet its burden of establishing that the seized vehicle was used in the commission of an enumerated offense, then the court must order that the vehicle be released to its owner.  720 ILCS 5/36-2(f) (West 2014).  If the State meets its burden, then the court "may order" that the vehicle be forfeited.  *Id*.

6

¶ 18   If the owner shows that he or she did not know, and did not have reason to know, that the vehicle was to be used in the commission of the offense, then the court may order that the vehicle be returned.  *Id.*; *People v. One 1998 GMC*, 2011 IL 110236, ¶ 17. Article 36 does not, however, provide for the "automatic return" of the vehicle if the owner makes such a showing.  *One 1998 GMC*, 2011 IL 110236, ¶ 17.  "Instead, the statute makes such a return discretionary with the court."  *Id*.  Thus, to the extent that article 36 provides for an innocent-owner exception that can be raised as an affirmative defense (see *People ex rel. Foreman v. Estate of Kawa*, 152 Ill. App. 3d 792, 800 (1987)), the exception is not a "pure innocent-owner exception" (*One 1998 GMC*, 2011 IL 110236, ¶ 45).  We also note that such exceptions are not constitutionally required. *One 1998 GMC*, 2011 IL 110236, ¶¶ 43-47; *McGrath v. City of Kankakee*, 2016 IL App (3d) 140523, ¶ 23; *Jackson v. City of Chicago*, 2012 IL App (1st) 111044, ¶¶ 36-41.

¶ 19   Here, we agree with the State's contention that by requiring it to show probable cause that Radford knew or should have known that Dukes would be driving her Trailblazer on the date that it was seized, the circuit court improperly elevated the applicable burden of proof and essentially required the State to preemptively disprove an affirmative defense that, even if raised and accepted, would not make the return of a seized vehicle "automatic."  *One 1998 GMC*, 2011 IL 110236, ¶ 17.  We also note that section 36-1.5 went into effect on January 1, 2012 (see Pub. Act 97-544, § 5 (eff. Jan. 1, 2012) (adding 720 ILCS 5/36-1.5)) and that prior to its enactment, article 36 was deemed constitutional despite its lack of a provision providing for a prompt probable cause hearing (see *One 1998 GMC*, 2011 IL 110236, ¶¶ 48, 69, 71).  Moreover, it has long been

7

the law that the State's burden at a forfeiture proceeding is to prove by a preponderance of the evidence that the seized vehicle was used in the commission of an offense described in section 36-1. See, *e.g.*, *Dugan*, 109 Ill. 2d at 17; *People ex rel. Hanrahan v. One 1965 Oldsmobile*, 52 Ill. 2d 37, 41-44 (1972), *rev'd on other grounds by Robinson v. Hanrahan*, 409 U.S. 38 (1972) (*per curiam*); *People ex rel. Ward v. 1963 Cadillac Coupe*, 38 Ill. 2d 344, 346-47 (1967). We cannot conclude that when the legislature enacted section 36-1.5, it intended to alter the State's well-established burden by requiring proof of facts which prior thereto, the State had never been required to prove and might only have been required to rebut. See *People v. Jones*, 214 Ill. 2d 187, 199 (2005) ("In general, a statute will not be construed to change the settled law of the state unless its terms clearly require such a construction.").

¶ 20 Additionally, by its terms, section 36-1.5 does not contemplate that issues regarding a vehicle owner's consent and knowledge be considered at the preliminary hearing stage. Section 36-1.5(d) states that the circuit court "may accept *** as sufficient evidence of probable cause" a finding of probable cause made at a preliminary hearing following the filing of a complaint or information charging a related criminal offense or following the return of indictment by a grand jury charging the related criminal offense. 720 ILCS 5/36-1.5(d) (West 2014). A probable cause determination on a related criminal offense would not require proof of vehicle ownership, however, or "necessarily concern the identity of the vehicle." *One 1998 GMC*, 2011 IL 110236, ¶ 48. This would seem especially so where the underlying offense is a crime such as arson or first degree murder. The probable cause determination would rather focus on whether there was

8

probable cause that the criminal defendant committed the offense. *Id.* If pursuant to section 36-1.5, the court "may accept" a probable cause determination made with respect to the related criminal offense "as sufficient evidence of probable cause" that the vehicle "may be subject to forfeiture" (720 ILCS 5/36-1.5(a), (d) (West 2014)), then in such instances, the State would ostensibly need only identify the seized vehicle as having been used in the commission of the offense, irrespective of the owner's knowledge and consent.

¶ 21 In any event, we conclude that to establish "probable cause that the property may be subject to forfeiture" (720 ILCS 5/36-1.5(a) (West 2014)), the State is only required to show that there is probable cause that the property may have been "used in the commission of an offense described in Section 36-1" (720 ILCS 5/36-2(d) (West 2014)). To pass preliminary review, the State is not required to allege or prove facts tending to disprove an affirmative defense that an owner might subsequently raise. The circuit court thus erred in determining that pursuant to section 36-1.5, the State had to show probable cause that Dukes had used the Trailblazer with Radford's knowledge and consent.

¶ 22 Lastly, the affidavit in support of forfeiture that the State presented at the preliminary review hearing specifically identified the Trailblazer as the vehicle that Dukes had been driving at the time of his arrest. The affidavit further set forth facts that clearly supported a finding of probable cause that Dukes had used the vehicle in the commission of the offenses of DUI and DWLR. See *One 1998 GMC*, 2011 IL 110236, ¶ 68; *People v. Ernst*, 311 Ill. App. 3d 672, 679 (2000); *People v. Wingren*, 167 Ill. App. 3d 313, 320-21 (1988). The State therefore established probable cause that the

9

Trailblazer may be subject to forfeiture. We thus find that the circuit court's determination that the State had failed to establish probable cause for purposes of section 36-1.5 is against the manifest weight of the evidence.

¶ 23                                    CONCLUSION

¶ 24    For the foregoing reasons, we hereby reverse the judgment of the circuit court and remand for further proceedings pursuant to section 36-2.


¶ 25    Reversed and remanded.

2016 IL App (5th) 150338

NO. 5-15-0338

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

THE PEOPLE *ex rel.* BRENDAN F. KELLY,      )      Appeal from the
State's Attorney of St. Clair County,       )      Circuit Court of
                                            )      St. Clair County.
  Plaintiff-Appellant,            )
                                            )
v.                                          )      Nos. 15-FA-047 & 15-MR-179
                                            )
ONE 2008 CHEVROLET TRAILBLAZER,             )
                                            )
  Defendant                       )
                                            )      Honorable
(Latoya Radford and Nathaniel D. Dukes,     )      Robert P. LeChien,
Claimants-Appellees).                       )      Judge, presiding.

_____

**Rule 23 Order Filed:**  September 19, 2016
**Motion to Publish Granted:**  October 26, 2016
**Opinion Filed:**  October 26, 2016

_____

**Justices:**  Honorable S. Gene Schwarm, P.J.

    Honorable Richard P. Goldenhersh, J., and
    Honorable James R. Moore, J.,
    Concur

_____

**Attorneys**  Hon. Brendan F. Kelly, State's Attorney, St. Clair County, 10 Public Square,
**for**  Belleville, IL 62220; Patrick Delfino, Director, David J. Robinson, Acting
**Appellant**  Deputy Director, Kelly M. Stacey, Staff Attorney, Office of the State's Attorneys
  Appellate Prosecutor, Fifth District Office, 730 E. Illinois Highway 15, Suite 2,
  Mt. Vernon, IL 62864

_____

**Attorneys (*pro se*)**  Latoya Radford, Nathaniel D. Dukes, 912 Pacific Crossing Drive, O'Fallon,
**for**  IL 62269
**Appellee**

_____