2019 IL App (3d) 180084

Opinion filed September 10, 2019

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2019

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois. |
| | ) | |
| 2004 MERCURY MOUNTAINEER, | ) ) | |
| Respondent, | ) ) | |
| and | ) ) | Appeal No. 3-18-0084 Circuit No. 17-MR-2844 |
| ASHLEY RAMSEY and ISLAND CITY MOTORS, a/k/a ISLAND CITY AUTO, | ) ) ) | |
| Claimants-Appellees. | ) ) | |
| _____ | ) ) | The Honorable Carmen Julia Lynn Goodman, |
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Judge, presiding. _____ |
| | ) ) | Appeal from the Circuit Court |
| 2006 JEEP COMMANDER, | ) ) | of the 12th Judicial Circuit, Will County, Illinois. |
| Respondent, | ) ) | |
| and | ) ) | |
| ASHLEY RAMSEY and ISLAND CITY MOTORS, a/k/a ISLAND CITY AUTO, | ) ) | Appeal No. 3-18-0085 Circuit No. 17-MR-2846 |
| Claimants-Appellees. | ) ) ) ) | |

|   | )   |                        |
|---|-----|------------------------|
|   | )   | The Honorable          |
|   | )   | Carmen Julia Lynn Goodman, |
|   | )   | Judge, presiding.      |

JUSTICE CARTER delivered the judgment of the court, with opinion.
Presiding Justice Schmidt and Justice McDade concurred in the judgment and opinion.

**OPINION**

¶ 1        After seizing two vehicles belonging to claimant—Island City Motors, a/k/a Island City Auto (Island City)—petitioner, the People of the State of Illinois (State), filed a petition asking the trial court to make a preliminary determination that the vehicles may be subject to forfeiture under Illinois drug laws. Following a hearing, the trial court found that the State had failed to establish probable cause for the forfeiture of the vehicles and ordered that the vehicles be returned to Island City. The State filed a motion to reconsider, which the trial court denied. The State appeals. We reverse the trial court's judgment and remand this case to the trial court with directions and for further proceedings.

¶ 2                                    I. BACKGROUND

¶ 3        In October 2017, the Braidwood Police Department seized the two vehicles in question, a 2004 Mercury Mountaineer and a 2006 Jeep Commander. The vehicles belonged to claimant, Island City. Less than a week later, the State filed a notice and petition for a preliminary determination hearing under section 3.5 of the Drug Asset Forfeiture Procedure Act (Forfeiture Act) (725 ILCS 150/3.5 (West 2016)), asking the trial court to find that there was probable cause that the two vehicles may be subject to forfeiture.[1] Notice was provided to the two possible claimants listed on the petition, Ashley Ramsey (Ashley) and Island City.

_____

[1] The State incorrectly indicated in its notice and petition that the vehicles had been seized

2

¶ 4       In November 2017, a hearing was held on the petition. Both claimants were present in court for the hearing, although it is not clear from the record who exactly appeared in court on behalf of Island City. At the hearing, the State represented that police reports indicated that the Braidwood Police Department had conducted an undercover drug operation using a confidential source to buy drugs. On July 25, 2017, an individual later identified as Ashley sold four grams of cocaine to the confidential source while inside the 2006 Jeep Commander in the McDonald's parking lot in Braidwood, Illinois, while the police officers watched. On September 8, 2017, an individual later identified as Ashley sold four grams of cocaine to a confidential source while inside the 2004 Mercury Mountaineer in the parking lot of the Dollar General store in Braidwood while the police officers watched. The Braidwood Police Department later obtained warrants for Ashley, which they executed on October 19, 2017, and were able to seize both vehicles at that time. The representative for Island City told the trial court that Ashley was merely test driving the vehicles on the dates in question and that the vehicles belonged to Island City, which was a corporation. Upon inquiry in court, Ashley stated that she had previously worked for Island City but was not working for Island City on the dates that the two offenses were allegedly committed.

¶ 5       At the conclusion of the hearing, the trial court found that the State had failed to establish that probable cause existed for the forfeiture of the vehicles and ordered that the vehicles be returned to Island City. In making its ruling, the trial court stated, in pertinent part:

        "Well, I am going to tell you why I have got a problem with this. I don't
        know what is going on with Ms. Ramsey. They had an arrest warrant but they
        seized the vehicle. They didn't seize the vehicle at the time. And it comes back to

_____

pursuant to article 36 of the Criminal Code of 2012 (720 ILCS 5/36-1 *et seq.* (West 2016)). It is clear, however, from the alleged facts of the underlying incidents and the motion to reconsider that was later filed by the State that the seizure and forfeiture proceedings were conducted pursuant to the Illinois Controlled Substances Act (720 ILCS 570/100 *et seq.* (West 2016)) and the Forfeiture Act (725 ILCS 150/1 *et seq.* (West 2016)).

a corporation. The whole idea to take property at the end of the day is to stop criminal activity, to stop the perpetrator from criminal activity.

I know that's a trial matter but this is a little bit different. I go to a dealership, I drive a car, I make a deal and they take it from the dealership and the dealership gets punished. I could have left my car in the parking lot to go test drive the other one, if what this gentleman is saying is true. And there is some basis for it because they put Island City Motors where they had to pick up the vehicles, am I correct, that she was using because they took the license plates off of each one of them? Now, they might all be connected but it ain't enough nexus for me to say that Island City Motors that had these vehicles for sale get punished for the actions of someone—clearly of someone else.

* * *

Even as an employee, it is not her vehicle that is owned by her. Even if she was driving it around as an employee, there is not enough nexus here. I can't find probable cause under these circumstances for the vehicle, and it is to be returned to Island City Motors.

***

Okay. No probable cause. Sir, get these vehicles back. All right."

¶ 6     In December 2017, the State filed a motion to reconsider and set forth additional facts that were not known at the time of the preliminary determination hearing. Attached to the motion to reconsider were numerous supporting documents, including a Secretary of State corporate record, Ashley's bond sheet, and an affidavit of assets and liabilities that Ashley had filed in the trial court. The supporting documents showed that Mark Ramsey (Mark) was the president and

secretary of Island City, that Mark was Ashley's father, that Mark and Ashley lived at the same address, that the business address of Island City was the same as the home address of Mark and Ashley, and that the vehicles were seized at the home/business address. Among other things, the State asserted in the motion that the trial court should not have considered any issues as to whether Ashley was test driving the vehicles, whether the corporation was an owner of the vehicles, or whether Ashley was an employee of Island City, as those issues were not relevant to a probable cause determination.

¶ 7 In January 2018, a hearing was held on the motion to reconsider. Neither claimant appeared in court for the hearing. After listening to the State's argument, the trial court denied the State's motion to reconsider. The State appealed.

¶ 8                                                      II. ANALYSIS

¶ 9 On appeal, the State argues that the trial court erred at the preliminary determination hearing when it made a finding of no probable cause and ordered that the vehicles be returned to Island City. The State asserts that the trial court incorrectly based its ruling of no probable cause upon a possible innocent owner defense that Island City could later assert but which was not an issue to be decided at a preliminary determination hearing. According to the State, the trial court's ruling went beyond the limited scope of a preliminary determination hearing and improperly elevated the State's burden of proof. The State asserts further that it presented ample evidence to establish probable cause and that it was not required to allege or prove facts that would tend to disprove an affirmative defense that Island City might later raise. For all of the reasons set forth, the State asks that we reverse the trial court's finding of no probable cause, that we order the vehicles returned to police authorities, and that we remand this case for further proceedings.

¶ 10    Neither claimant has filed an appellee's brief in this case. We will, therefore, resolve this issue pursuant to the guidelines set forth in *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976) (indicating, among other things, that if the record is simple and the claimed errors are such that the reviewing court can easily decide them without the aid of an appellee's brief, the reviewing court should decide the merits of the appeal).

¶ 11    The trial court's findings in a forfeiture proceeding will not be reversed on appeal unless they are against the manifest weight of the evidence. *People ex rel. Kelly v. One 2008 Chevrolet Trailblazer*, 2016 IL App (5th) 150338, ¶ 12. A finding is against the manifest weight of the evidence only if it is clearly apparent from the record that the trial court should have reached the opposite conclusion or if the finding itself is unreasonable, arbitrary, or not based upon the evidence presented. *Best v. Best*, 223 Ill. 2d 342, 350 (2006); *Meyers v. Woods*, 374 Ill. App. 3d 440, 449 (2007).

¶ 12    A forfeiture action is a civil *in rem* proceeding that is brought against items that were used in the commission of a crime. *People v. Strong*, 151 Ill. App. 3d 28, 34 (1986). Section 505(a) of the Illinois Controlled Substances Act (Substances Act) provides for the seizure and forfeiture of any vehicle "used, or intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment" of a controlled substance. 720 ILCS 570/505(a)(3) (West 2016). The key term in the portion of the statute set forth is "facilitate," which means to make easier or less difficult. *People ex rel. Waller v. 1989 Ford F350 Truck*, 162 Ill. 2d 78, 84 (1994). The purpose of the forfeiture provisions of the Substances Act (and of the Forfeiture Act) is to deter individuals from trafficking in controlled substances by imposing a civil penalty in addition to the criminal penalties already provided in the statute. *People ex rel.*

*Kelly v. Sixteen Thousand Five Hundred Dollars ($16,500) United States Currency*, 2014 IL App (5th) 130075, ¶ 18.

¶ 13    The procedure for seizing and forfeiting property pursuant to the Substances Act is set forth in the Forfeiture Act. See 720 ILCS 570/505(c) (West 2016); 725 ILCS 150/3 (West 2016). In a proceeding under the Forfeiture Act, the State is required, within 14 days of the seizure of the property, to seek a preliminary determination from the trial court that there is probable cause that the property may be subject to forfeiture; that is, that there is probable cause that the property may have been used in the commission of a violation of the Substances Act as provided for in section 505. See 720 ILCS 570/505(a) (West 2016); 725 ILCS 150/3.5(a) (West 2016); *One 2008 Chevrolet TrailBlazer*, 2016 IL App (5th) 150338, ¶ 21 (considering a similarly worded preliminary-determination provision under a different forfeiture statute). To satisfy the probable cause standard under the Forfeiture Act, the State must allege and prove facts that show reasonable grounds to believe that a nexus exists between the property and illegal drug activity, which may be supported by less than *prima facie* proof but must be supported by more than mere suspicion. See *People v. Parcel of Property Commonly Known as 1945 North 31st Street, Decatur, Macon County, Illinois*, 217 Ill. 2d 481, 505 (2005) (discussing the probable cause requirement that prior to July 2018 was contained in section 9 of the Forfeiture Act). In the context of a forfeiture proceeding, the probable cause standard requires only a probability or substantial chance of the nexus, not an actual showing. *Id.* Furthermore, at a preliminary determination hearing, the State is not required to allege or prove facts tending to disprove an affirmative defense that an owner might subsequently raise. *One 2008 Chevrolet TrailBlazer*, 2016 IL App (5th) 150338, ¶ 21 (considering a similarly worded preliminary-determination provision under a different forfeiture statute). If the trial court makes a finding of probable cause

at the preliminary determination hearing, the trial court shall order the property held until the conclusion of any forfeiture proceeding. 725 ILCS 150/3.5(e) (West 2016).

¶ 14    In the present case, the representations made by the State at the preliminary determination hearing were more than sufficient to establish that there was probable cause that the vehicles may be subject to forfeiture. See *One 2008 Chevrolet TrailBlazer*, 2016 IL App (5th) 150338, ¶¶ 21-22 (finding that the State had established probable cause at a preliminary determination hearing under a different forfeiture statute); *1945 North 31st Street*, 217 Ill. 2d at 505 (discussing the probable cause requirement that prior to July 2018 was contained in section 9 of the Forfeiture Act). The evidence that the State presented established that, on the dates in question, Ashley had used the two vehicles to transport cocaine to a location in Braidwood and to sell cocaine to a confidential source. The drug sales were observed by the police as part of an undercover drug operation. It is clearly apparent from the representations made by the State at the preliminary determination hearing that the trial court should have reached the opposite conclusion and should have found that the State had met its burden of establishing probable cause. The trial court's ruling to the contrary, therefore, was against the manifest weight of the evidence. See *One 2008 Chevrolet TrailBlazer*, 2016 IL App (5th) 150338, ¶ 12; *Best*, 223 Ill. 2d at 350; *Meyers*, 374 Ill. App. 3d at 449. Although the question of whether Island City is an innocent owner of the vehicle may become relevant at some point if Island City later files an affirmative defense raising that issue, it is not a relevant consideration for a preliminary determination hearing. See 725 ILCS 150/8 (West 2016); *One 2008 Chevrolet TrailBlazer*, 2016 IL App (5th) 150338, ¶ 21 (considering a similarly worded preliminary-determination provision under a different forfeiture statute). Indeed, the version of the Forfeiture Act that is now in effect specifically provides for a separate hearing on the innocent owner defense and the possibility to

8

conduct limited discovery on the issue after the defense has been raised. See 725 ILCS 150/9.1 (West 2018).

¶ 15                                    III. CONCLUSION

¶ 16        For the foregoing reasons, we reverse the judgment of the circuit court of Will County and remand this case with directions to the trial court to enter an order finding probable cause and requiring Island City to return the vehicles to police authorities and for further proceedings consistent with this ruling.

¶ 17        Reversed and remanded with directions.