**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2021 IL App (3d) 200434-U

Order filed July 16, 2021

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2021

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois. |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | |
| | ) | Appeal No. 3-20-0434 |
| $3,230.00 UNITED STATES CURRENCY, | ) | Circuit No. 20-MR-1780 |
| | ) | |
| Defendant, | ) ) | |
| (Kerry R. London Jr., | ) ) | Honorable Vincent F. Cornelius, |
| Claimant-Appellee). | ) | Judge, Presiding. |

JUSTICE O'BRIEN delivered the judgment of the court.
Justices Schmidt and Wright concurred in the judgment.

**ORDER**

¶ 1    *Held*: The trial court's finding of no probable cause on the State's petition for a preliminary determination of forfeiture was reversed as against the manifest weight of the evidence since the currency was presumed forfeitable based on its discovery in close proximity to illegal drugs.

¶ 2     The State appeals from the trial court's finding of no probable cause at a preliminary determination hearing under section 3.5 of the Drug Asset Forfeiture Procedure Act (Forfeiture Act) (725 ILCS 150/3.5 (West 2020)).

¶ 3                                    I. BACKGROUND

¶ 4     On August 18, 2020, the State filed a petition for a preliminary determination hearing pursuant to section 3.5 of the Forfeiture Act (*id.*), asking that the trial court find that there was probable cause that currency seized during the claimant's traffic stop was subject to forfeiture.

¶ 5     At the hearing, the assistant state's attorney argued that the police reports indicated that Will County sheriff's deputies conducted a traffic stop of a Chevrolet HHR on August 13, 2020. The claimant, Kerry R. London Jr., was the driver of the vehicle. The deputies placed the claimant in custody on an active warrant for possession of a controlled substance. The deputies smelled the odor of cannabis in the vehicle and performed a search of the vehicle. The search yielded less than a gram of cannabis scattered throughout the vehicle, as well as a baggie in the backseat that contained 4.9 grams of methamphetamine. The claimant had $3,230 United States currency on his person. The State argued that the currency was subject to forfeiture because it was found in close proximity to the methamphetamine. The trial court found no probable cause at the preliminary determination hearing.

¶ 6     On reconsideration, the trial court noted that the currency was found on the claimant's person while the single baggie of methamphetamine was found in the backseat of the vehicle. The ownership of the vehicle was not known by the court. The trial court found that proximity was a relative word, and there was no nexus between the currency found on the claimant's person and the illegal substance found in the backseat of a vehicle when the ownership of the vehicle was unknown. The trial court denied the motion to reconsider, and the State appealed.

¶ 7                                    II. ANALYSIS

¶ 8          The State argues that the trial court erred at the preliminary determination hearing when it made a finding of no probable cause. The claimant did not file an appellee brief but, because the "the record is simple and the claimed errors are such that the [reviewing] court can easily decide them without the aid of an appellee's brief," we will decide the appeal on the merits. *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976).

¶ 9          A forfeiture action is a civil *in rem* proceeding that is brought against items that were used in the commission of a crime. *People v. One 2014 GMC Sierra*, 2018 IL App (3d) 170029, ¶ 28. Section 505(a)(5) of the Illinois Controlled Substances Act (Controlled Substances Act) provides for the forfeiture of money exchanged for a substance in violation of the Controlled Substances Act or proceeds traceable to such an exchange. 720 ILCS 570/505(a)(5) (West 2020). Methamphetamine is a controlled substance included in schedule II in the Illinois Controlled Substances Act. 720 ILCS 570/206(d)(2) (West 2020). Section 85 of the Methamphetamine Control and Community Protection Act (Methamphetamine Act) also provides for the forfeiture of all money traceable to a violation of the Methamphetamine Act. 720 ILCS 646/85(a), (d) (West 2020).

¶ 10         The Forfeiture Act sets forth the procedure for seizing and forfeiting property pursuant to the Controlled Substances Act and the Methamphetamine Act. 725 ILCS 150/1 *et al.* (West 2020). The State is required, within 14 days after seizing property, to seek a preliminary determination from the trial court that there is probable cause for a forfeiture. 725 ILCS 150/3.5(a) (West 2020). Probable cause that the property is subject to forfeiture is established by showing that there is probable cause that the property may have been used in conjunction with a violation of either statute. *People v. 2004 Mercury Mountaineer*, 2019 IL App (3d) 180084, ¶ 13. If the trial court

makes a preliminary determination of probable cause, then the trial court shall order the property held until the conclusion of any forfeiture proceeding. 725 ILCS 150/3.5(e) (West 2016); *2004 Mercury Mountaineer*, 2019 IL App (3d) 180084, ¶ 13. We will reverse a trial court's findings in a forfeiture proceeding only if they are against the manifest weight of the evidence. *2004 Mercury Mountaineer*, 2019 IL App (3d) 180084, ¶ 11.

¶ 11       The State argues that the currency found on the claimant's person was presumptively forfeitable under section 7 of the Forfeiture Act because the money was found in close proximity to the methamphetamine that was recovered from the vehicle that the claimant was driving. Section 7(1) of the Forfeiture Act provides that "[a]ll moneys, coin, or currency found in close proximity to any substances manufactured, distributed, dispensed, or possessed in violation" of the illegal drug laws shall be presumed to be forfeitable under the Forfeiture Act. 725 ILCS 150/7(1) (West 2020). The trial court found that the presumption did not apply because there was no showing of close proximity when the money was found on the claimant's person, the illegal drugs were found in the backseat of the vehicle that the claimant was driving, and there was no showing that the claimant owned the vehicle.

¶ 12       Proximity under the Forfeiture Act is dependent on the facts and circumstances and must be determined on a case-by-case basis and evaluated using common sense. *People v. $111,900, U.S.C.*, 366 Ill. App. 3d 21, 31 (2006). We find that the State's evidence created a presumption of forfeiture under section 7 of the Forfeiture Act based on the proximity of the currency to the methamphetamine. See *People v. $1,002.00 U.S. Currency*, 213 Ill. App. 3d 899, 904 (1991) (a suitcase in the backseat of a car was found to be within reach of the driver of the car and in close proximity to the currency recovered from the driver's pocket). While the ownership of, or access to, the vehicle may later become relevant, the State was not required to allege or disprove a possible

4

affirmative defense at the preliminary determination hearing. *2004 Mercury Mountaineer*, 2019 IL App (3d) 180084, ¶ 13. Since the State has made the preliminary showing that the currency is presumed forfeitable under the Forfeiture Act, the trial court's finding that there was no probable cause was against the manifest weight of the evidence. We reverse the trial court's judgment and remand for further proceedings under the Forfeiture Act.

¶ 13                                   III. CONCLUSION

¶ 14        The judgment of the circuit court of Will County is reversed and remanded.

¶ 15        Reversed and remanded.