2025 IL App (3d) 240194

Opinion filed April 16, 2025

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2025

| THE PEOPLE OF THE STATE OF | ) | Appeal from the Circuit Court |
|---|---|---|
| ILLINOIS, | ) | of the 12th Judicial Circuit, |
| | ) | Will County, Illinois, |
| Plaintiff-Appellee, | ) | |
| | ) | Appeal No. 3-24-0194 |
| v. | ) | Circuit No. 24-MX-424 |
| | ) | |
| 2008 FORD F-250 SUPER DUTY, | ) | Honorable |
| | ) | Theodore J. Jarz, |
| Defendant, | ) | Judge, Presiding. |
| | ) | |
| (Anthony Michalski, | ) | |
| | ) | |
| Claimant-Appellant). | ) | |

_____

JUSTICE BERTANI delivered the judgment of the court, with opinion.
Justices Davenport and Anderson concurred in the judgment and opinion.

_____

**OPINION**

¶ 1    The issue presented in this appeal is whether section 36-1.5(a) of the Criminal Code of 2012 (Criminal Code) (720 ILCS 5/36-1.5(a) (West 2022)), governing civil forfeitures, requires the State to obtain a circuit court's preliminary determination that there is probable cause to subject the seized property to forfeiture within 14 days of seizure, rather than merely requesting a hearing within that time frame. We hold that it does not.

¶ 2                                    I. BACKGROUND

¶ 3       On January 27, 2024, officers with the Crete Police Department conducted a traffic stop and arrested claimant, Anthony Michalski, on suspicion that he was driving his 2008 Ford F-250 Super Duty pickup truck under the influence of alcohol. Michalski's driving privileges had been suspended due to a prior driving under the influence of alcohol (DUI) violation. Subsequently, the State charged Michalski with aggravated DUI, alleging the vehicle was not insured at the time of the offense. 625 ILCS 5/11-501(d)(1)(I) (West 2022).

¶ 4       On February 8, 2024, the State commenced a forfeiture action against the 2008 Ford F-250 Super Duty by filing a notice and petition for preliminary determination pursuant to article 36 of the Criminal Code (720 ILCS 5/36-1 *et seq.* (West 2022)). The petition provided that the Crete Police Department seized the vehicle on the date of Michalski's arrest and sought a preliminary hearing at the next available date[1] to determine whether probable cause existed that the vehicle may be subject to forfeiture. *Id.* § 36-1.5(a). The notice advised Michalski of his vehicle's seizure and that a preliminary hearing on the State's petition would proceed on February 14, 2024, at 9 a.m.

¶ 5       On the date noticed for hearing, Michalski's attorney orally moved to dismiss the forfeiture action, arguing the petition's presentment was untimely because more than 14 days had elapsed since the vehicle's seizure. The court denied Michalski's motion to dismiss, finding the petition was timely brought. After the State averred the circumstances of the traffic stop and ensuing arrest, the court found that probable cause existed that the vehicle may be subject to forfeiture.

¶ 6       Michalski appeals from the court's preliminary determination.

---

[1]Division 2(B) of Will County Circuit Court Administrative Order 2023-39 (Jan. 1, 2024) provided the following with regard to civil asset forfeitures: "This call will be heard every other Wednesday at 9:00 a.m. and any other dates as necessary with the approval of the presiding judge." The State's notice and petition indicated the first date after arrest that fell on the call's assigned dates was February 14, 2024.

¶ 7                                    II. ANALYSIS

¶ 8        On appeal, Michalski argues that the circuit court erred in denying his motion to dismiss the civil forfeiture action brought against his vehicle based on its untimeliness. He contends section 36-1.5(a) of the Criminal Code's language requires the State to obtain preliminary determination over seized property within 14 days of seizure. Likewise, he asserts that the administrative order in effect at the time of the preliminary review hearing, Will County Circuit Court Administrative Order 2023-39 (Will County Cir. Ct. Adm. Order 2023-39, Division 2(B) (Jan. 1, 2024))[2] contravened this statutory provision by permitting civil forfeiture hearings to occur outside of the 14-day window. The State responds that it complied with its statutory obligation by filing its notice and petition within 14 days of the vehicle's seizure.

¶ 9        "A forfeiture action is a civil *in rem* proceeding that is brought against items that were used in the commission of a crime." *People v. One 2014 GMC Sierra*, 2018 IL App (3d) 170029, ¶ 28. Vehicle forfeiture statutes seek to deter crimes facilitated by vehicles. See *People ex rel. Kelly v. One 2008 Chevrolet Trailblazer*, 2016 IL App (5th) 150338, ¶ 11. DUI recidivism is one acutely concerning crime in which vehicle forfeiture aims to curtail. See *id.*

---

[2]The administrative order was not submitted into the appellate record, and neither party cites the rule challenged on appeal. Nonetheless, courts may take judicial notice of administrative rules, regulations, and practices of a public entity. See *People v. Henderson*, 2013 IL App (1st) 113294, ¶ 35 n.1. "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Ill. R. Evid. 201(b) (eff. Jan. 1, 2011). Judicial notice may be taken at any time, even in the appellate court with regard to evidence not taken notice of by the circuit court. *Koshinski v. Trame*, 2017 IL App (5th) 150398, ¶ 10.

¶ 10   Article 36 of the Criminal Code addresses the framework for the civil forfeiture of vehicles and sets forth the procedural steps necessary to seize and safekeep a vehicle to then pursue forfeiture proceedings against it. 720 ILCS 5/36-1 *et seq.* (West 2022). To initiate forfeiture proceedings, section 36-1.5 provides: "Within 14 days of the seizure, the State's Attorney of the county in which the seizure occurred shall *seek* a preliminary determination from the circuit court as to whether there is probable cause that the property may be subject to forfeiture." (Emphasis added.) *Id.* § 36-1.5(a). If the court determines probable cause exists that the seized vehicle may be subject to forfeiture, the statute directs the court to "order the property *** held until the conclusion of any forfeiture proceeding." *Id.* § 36-1.5(e).

¶ 11   This case turns on the construction of the term "seek" in section 36-1.5(a), to which the parties offer competing interpretations. Issues of statutory interpretation, including those involving the interpretation of a forfeiture statute, are reviewed *de novo*. *Dome Tax Services Co. v. Weber*, 2019 IL App (3d) 170767, ¶ 10; *One 2008 Chevrolet Trailblazer*, 2016 IL App (5th) 150338, ¶ 12. The primary objective of statutory construction is to ascertain and give effect to the legislature's intent. *Poris v. Lake Holiday Property Owners Ass'n*, 2013 IL 113907, ¶ 47. The best indication of the legislature's intent is the statute's plain language, and where such language is "clear and unambiguous, it should be applied as written" without resorting to extrinsic assistance. *Id.* Article 36 does not define "seek," and it is therefore assumed that "the legislature intended the term to have its ordinary and popularly understood meaning." See *Landis v. Marc Realty, L.L.C.*, 235 Ill. 2d 1, 8 (2009).

¶ 12   Michalski argues the explicit requirement that a state's attorney "shall seek a preliminary determination" within 14 days of seizure necessitates the court's preliminary ruling to occur within that time frame for the forfeiture action to be considered timely. 720 ILCS 5/36-1.5(a) (West 2022).

4

This reading is contrary to the statutory language's plain and ordinary meaning. It is well-established that a statute's use of the word "shall" indicates the legislature's clear expression to impose a mandatory obligation. *People v. O'Brien*, 197 Ill. 2d 88, 93 (2001). While section 36-1.5(a) imposes an obligation upon the State, this only extends to seeking a preliminary determination review. It is appropriate to use a dictionary to ascertain the meaning of a statute's undefined word. *Landis*, 235 Ill. 2d at 8. Merriam-Webster Online Dictionary and Webster's New Collegiate Dictionary share a common definition of "seek," which means "to ask for: request" or "to try to acquire or gain." Merriam-Webster Online Dictionary, https://www.merriam-webster.com/dictionary/seek (last visited on Apr. 4, 2025) [https://perma.cc/BW95-7EW6]; Webster's New Collegiate Dictionary (2d ed. 1981). Section 36-1.5(a) therefore obligates the State to request or try to acquire a preliminary determination within 14 days of the vehicle's seizure. 720 ILCS 5/36-1.5(a) (West 2022). In the present case, the State satisfied this obligation in requesting a preliminary review by filing its notice and petition for preliminary determination 12 days after seizure.

¶ 13    Michalski next contends that the administrative order in effect at the time of the preliminary hearing ran afoul of section 36-1.5(a). At that time, Will County Circuit Court Administrative Order 2023-39, Division 2(B), set the civil asset forfeiture call for every other Wednesday. However, it appears from the record of proceedings that, in practice, the call was heard twice monthly on the second and fourth Wednesdays of each month. As happened with Michalski's vehicle, this scheduling arrangement allowed for situations where the circuit court's preliminary determination over seized assets would occur after 14 days of seizure. Yet, the circuit court's preliminary determination is unrelated to the stated timeline in section 36-1.5(a). *Id.* While section 36-1.5(a) imposes an obligation on the State to request a preliminary determination within 14 days,

there is no correlative obligation imposed on the circuit court to issue its preliminary determination within a given timeline.

¶ 14    The legislature could have easily drafted the statute to require that the court conduct a hearing within 14 days of the seizure as it did in the statute governing hearings on petitions to rescind statutory summary suspensions following a DUI arrest. 625 ILCS 5/2-118.1(b) (West 2022) ("Within 30 days after receipt of the written request or the first appearance date on the Uniform Traffic Ticket issued pursuant to a violation of Section 11-501, or a similar provision of a local ordinance, the hearing *shall be conducted* by the circuit court having jurisdiction." (Emphasis added.)). It did not do so.

¶ 15                                    III. CONCLUSION

¶ 16    The judgment of the circuit court of Will County is affirmed.

¶ 17    Affirmed.

6

*People v. 2008 Ford F-250 Super Duty*, 2025 IL App (3d) 240194

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Will County, No. 24-MX-424; the Hon. Theodore J. Jarz, Judge, presiding. |
| **Attorneys for Appellant:** | Kenneth A. Grnacek, of Custer Park, for appellant. |
| **Attorneys for Appellee:** | James W. Glasgow, State's Attorney, of Joliet (Patrick Delfino, Thomas D. Arado, and Laura Bialon, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |